```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/31/2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Local 1180, Communications Workers Of America, AFL-CIO et al,

      Plaintiffs,

-against-

City Of New York et al,

      Defendants.

1:17-cv-03048 (LGS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON UNITED STATES MAGISTRATE JUDGE.**

  Before the Court is a motion by Defendants, City of New York ("City") and the New York City Department of Citywide Administrative Services ("DCAS") (collectively, the "Defendants"), pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B), to dismiss the claims brought by plaintiff Lynette Andrews ("Andrews") for failure to join an indispensable party, *to wit*, Andrews's direct employer, the New York City Housing Authority ("NYCHA"). For the reasons set forth below, Defendants' motion is DENIED.

**BACKGROUND**

**I. Background Regarding Legal Claims**

  On December 14, 2016, plaintiffs Local 1180, Communications Workers of America AFL-CIO ("Local 1180"), Lourdes Acevedo ("Acevedo"), Nathia Beltran ("Beltran"), Adrienne Reed ("Reed"), Jo Ann Richards ("Richards") and Roseann Schembri ("Schembri"), commenced an action in the Supreme Court of the State of New York against the City and DCAS by filing a Summons with Notice. (Summons with Notice, ECF No. 1-1, at 1.) According to the Notice, the claims asserted by Plaintiffs were for "intentional and unintentional discrimination" based on sex,

gender and race, in violation of various provisions of federal law, New York state law and New York City law, including the federal Equal Pay Act and the New York State Equal Pay Law. (*Id*. at 2.) The Notice annexes and incorporates by reference a Charge of Discrimination that was filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on December 5, 2013 against the City and DCAS by Local 1180 and Jane Doe Administrative Managers #1-1000 and Jane Doe Former Administrative Managers #1-1000, as well as a Supplemental Charge of Discrimination that was filed on November 19, 2014. (Summons with Notice, Exs. A & C.) The EEOC Charge and Supplemental Charge allege violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), in addition to violations of the Equal Pay Act. (*Id*.) It is alleged that the City and DCAS "engaged in a pattern or practice of wage suppression" in the job title Administrative Manager Non-Managerial (hereinafter, "Administrative Manager NM") that "adversely impacted women and persons of color." (Summons with Notice, Ex. A, ¶ 18.)

On April 7, 2017, the Summons with Notice was served upon Defendants. On April 21, 2017, Defendants filed a Demand for Complaint in the New York Supreme Court. (*See Local 1180, et al. v. City of New York, et al.*, Index No. 160513/2016, N.Y. Sup. Ct., N.Y. County, NYSCEF Doc. No. 8.) On April 26, 2017, Defendants removed the action to this Court on the basis that it asserted claims arising under federal law. (Notice of Removal, ECF No. 1, ¶¶ 1-4.)

On May 11, 2017, a Complaint was filed in this action in this Court. (Compl., ECF No. 5.) Certain of the plaintiffs named in the Complaint were the same as those named in the Summons with Notice (*i.e.*, Local 1180, Acevedo, Beltran and Reed); two of the plaintiffs that had been named in the Summons with Notice were dropped (*i.e.*, Richards and Schembri); and two plaintiffs were added (*i.e.*, Andrews and Rose Reeves). (*Compare* Summons with Notice at 1 *with*

Compl. at 1.)[1] The Complaint asserts claims under the federal Equal Pay Act and the New York Equal Pay Law. (Compl. ¶¶ 117-28.) The Complaint—like the EEOC Charges—alleges that the City and DCAS engaged in discriminatory pay practices with respect to the job title Administrative Manager NM. (*See* Compl. ¶¶ 15, 19.)

On August 21, 2017, a First Amended Complaint ("FAC") was filed on behalf of the same plaintiffs as named in the Complaint. The FAC adds a claim under Title VII. (FAC ¶¶ 119-27.) Of relevance to the motion before the Court, the First Amended Complaint alleges that Andrews works at NYCHA (FAC ¶ 8), which is not named as a defendant in this action.

On June 21, 2018, Defendants filed their motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c) and 12(h)(2)(B), to dismiss the claims asserted by Andrews on the grounds that, as Andrews's employer, "NYCHA's involvement is of such a nature that without joinder, complete relief cannot be accorded to her," and "pragmatic considerations" warrant dismissal. (Mot., ECF No. 54, at 1.)[2] On July 9, 2018, Plaintiffs filed their memorandum of law in opposition to the motion, arguing (among other things) that Defendants have not met the standard to show that NYCHA is a necessary party. (Opp. Mem., ECF No. 56, at 3-4.) On July 18, 2018, Defendants filed their reply memorandum (ECF No. 58), and the parties submitted supplemental briefing at the request of the Court on July 27, 2018. (ECF Nos. 60-61.)

To put the legal issues in proper context, the Court discusses in the section below NYCHA and NYCHA's relationship with the City and DCAS.

---

[1] Under the New York Civil Practice Law and Rules, which permits an action to be initiated based upon a Summons with Notice in lieu of a Complaint, *see* N.Y. C.P.L.R. Rule 305, parties may be added at the time the Complaint is filed. *See* N.Y. C.P.L.R. § 1003.

[2] The parties previously had consented to have this Court decide the instant motion. (ECF No. 52.)

3

**II.     Background Regarding NYCHA And Its Relationship With City And DCAS**

NYCHA "is a public corporation created pursuant to the Public Housing law of the State of New York for the purpose of implementing the State Constitution by providing 'low-rent housing for persons of low income as defined by law . . .' New York State Constitution, Art. XVIII, § 1." *Holmes v. N.Y.C. Hous. Auth.*, 398 F.2d 262, 263 (2d Cir. 1968). NYCHA "was created in 1934 pursuant to enabling provisions then contained in the Municipal Housing Authorities law," which was the predecessor to the New York state public housing law. *See Ciulla v. State of New York*, 191 Misc. 528, 530 (N.Y. Ct. Cl. 1948).

"The New York City Housing Authority is a legal entity separate from the City of New York." *Montenegro v. City of New York*, No. 00-CV-8434 (JCF), 2002 WL 500355, at *3 (S.D.N.Y. Apr. 3, 2002). However, there is a closeness of relationship between the City and DCAS, on the one hand, and NYCHA, on the other hand. For example, the City's Mayor appoints the seven members of NYCHA. N.Y. Pub. Hous. Law § 402(3). Moreover, the City's Office of Payroll Administration processes payroll for NYCHA employees. (Def. 7/27/2018 Ltr., ECF No. 60, at 1.) Thus, the paystub for plaintiff Andrews is from the City. (Pl. 7/27/18 Ltr., Ex. A, ECF No. 61.)

The Collective Bargaining Agreement ("CBA") that is relevant to this case, which includes a February 9, 2015 side letter relating to the Administrative Manager NM job title, was entered into by the City Office of Labor Relations ("OLR")[3] with Local 1180, and NYCHA is not a signatory

---

[3] The OLR is the City's representative at bargaining, and its negotiators bargain with unions for terms of collective bargaining agreements. (Website of New York City Office of Collective Bargaining, "The Mayor's Office of Labor Relations" (available at http://www.ocb-nyc.org/introduction/how-does-ocb-differ-from-other-government-agencies/) (last visited Jul. 31, 2018)).

4

to the CBA. (*See* Def. 7/27/2018 Ltr., App. A.) However, according to the City at oral argument, NYCHA elected to have the OLR bargain on NYCHA's behalf, such that the CBA applies to NYCHA.

The New York City Employees' Retirement System ("NYCERS") is a municipal public retirement system. Among the members of NYCERS are employees of NYCHA. (Website of NYCERS, "Participating Employers" (available at https://www.nycers.org/sites/main/files/file-attachments/724.pdf) (last visited Jul. 31, 2018)). Andrews is a member of NYCERS. (*See* Pl. 7/27/18 Ltr., Ex. A.)

DCAS is an agency of the City of New York pursuant to the New York City Charter and the New York City Administrative Code. (Def. Mem., ECF No. 55, at 2.) DCAS is responsible, among other things, for

> [G]rading and classifying of positions in the civil service; establishing criteria and guidelines for allocating positions to an existing class of positions; preserving and promoting merit and fitness in city employment; establishing and enforcing standards, guidelines and criteria for the personnel management functions assigned to the agencies and to audit performance by the agencies of such personnel functions; and developing and recommending to the mayor standard rules governing working conditions, vacations and leaves of absence, among other things.

(Def. Reply Mem., ECF No. 58, at 1.) The personnel rules promulgated by DCAS provide that they apply to all "offices and positions in the New York City housing authority." *See* Rules of the City of New York, Tit. 55, App. A, Rule II, § 2.5.

As described by this Court in a lawsuit against NYCHA, DCAS plays a role in establishing job titles for NYCHA employees, which affects compensation levels:

> Defendant NYCHA is a municipal entity subject to the New York Civil Service Law. *See* N.Y. Pub. Hous. Law § 32. Pursuant to the Civil Service Law, [City] employees are classified according to job title, which determines their compensation level. *See* N.Y. Civ. Serv. Law § 20. Workers whose positions require that they take and pass a competitive examination comprise the Competitive Class. *See id*. § 44.

> Unskilled laborers whose positions do not require a competitive examination comprise the Labor Class. See id. § 43(1). The specific job titles that fall into each class are determined by [DCAS]. *See* N.Y. Civ. Serv. Law § 20; N.Y.C. Charter §§ 811, 814; Rules of the City of New York, Tit. 55, App. A, Rules II-IV, VII § 7.3.1.

*Wynn v. N.Y.C. Hous. Auth.*, No. 14-CV-2818 (LGS), 2017 WL 933094, at *1 (S.D.N.Y. Mar. 8, 2017), *aff'd*, No. 17-CV-1021, 2018 WL 3359552 (2d Cir. July 10, 2018). "In order for NYCHA to use a civil service title, [DCAS] must first establish the title and then give NYCHA permission to use the title." (Decl. of NYCHA's David Marcinek, *Wynn*, No. 14-CV-2818, ECF No. 89, ¶ 5.) DCAS created Alternate Title Code No. 1002C for all employees now represented by Local 1180, and were given the title Administrative Manager NM (Def. Reply Mem. at 1), which is the title held by Andrews and the other plaintiffs.

## DISCUSSION

**I.     Legal Standards**

Rule 19 of the Federal Rules of Civil Procedure, entitled "Required Joinder of Parties," provides in relevant part:

> (a) Persons Required to Be Joined if Feasible.
>
>> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>>
>> . . .

6

> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. . . .

Fed. R. Civ. P. 19.

A party may raise the failure to join a person required by Rule 19(b) by way of a motion under Rule 12(c), as Defendants have done here. *See* Fed. R. Civ. P. 12(h)(2)(B). Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Courts apply the same procedure to evaluate motions for judgment on the pleadings under Rule 12(c) as for motions to dismiss under Rule 12(b)(6). *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193 (2d Cir. 2015); *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009). Rule 12(b)(6) requires courts to "draw all reasonable inferences in [the non-movant's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)).

"Federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder and, in general, dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." *Am. Trucking Ass'ns, Inc. v. N.Y. State Thruway Auth.*, 795 F.3d 351, 357 (2d Cir. 2015) (quoting 7 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1609 (3d ed. 2015) (quotation marks omitted)).

Rule 19 establishes a "two-part test for determining whether the court must dismiss an action for failure to join an indispensable party." *Fed. Ins. Co. v. SafeNet, Inc.*, 758 F. Supp. 2d 251, 257 (S.D.N.Y. 2010). First, the Court must determine "whether an absent party belongs in

the suit"—in other words, whether the absent party is required under Rule 19(a). *Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000). Second, if the absent party is required under Rule 19(a), but "joinder of the absent party is not feasible for jurisdictional or other reasons," the Court must determine if the absent party is "indispensable." *Id*. at 725. If the absent party is indispensable, the court must dismiss the action; if the absent party is not indispensable, the action may continue. *See id*.

## II. Application

Defendants' motion is denied because the Defendants cannot meet the first prong of Rule 19's two-part test. That is, NYCHA is not a required party in this action.

Defendants argue that NYCHA is a required party under Rule 19(a) because NYCHA and the City are separate and distinct entities and that, because the City does not exert control over NYCHA's pay practices, any relief from the City would not afford Andrews complete relief. (Def. Mem. at 3-5). Defendants' argument is misplaced. Under Rule 19(a)(1)(A), the issue is whether the court can "accord complete relief among the *existing parties*." Fed. R. Civ. P. 19(a)(1)(A) (emphasis added). Here, Andrews is asserting claims directly against the City.[4] If she prevails, she will obtain relief directly against the City, *i.e.*, an existing party-defendant, whether or not NYCHA is a party. *See* 4 *Moore's Federal Practice - Civil* § 19.03[2][b][ii] (2018) ("The proper interpretation of the 'complete relief' clause . . . requires joinder when nonjoinder precludes the court from effecting relief not in some overall sense, but between *extant parties*. In other words, joinder is required only when the absentee's nonjoinder precludes the court from rendering

---

[4] Andrews emphasized at oral argument that her claims are asserted directly against the City and that she is alleging that the City engaged in discriminatory pay practices.

8

complete justice *among those already joined*." (emphasis in original)); *see also Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985) (citing and quoting earlier version of *Moore's*); *Dwyer v. Bicoy*, 72 Fed. R. Serv. 3d 552, 2008 WL 5381485, at *6 (D. Colo. 2008) (fact that plaintiffs have viable claims against absent party is not proper test; proper test involves looking to see whether absence of party would preclude court from according "complete relief *among the existing parties*," not "*to the existing parties*") (emphasis in original)). Thus, Defendants have not shown that NYCHA is a required party.

The City seems to be under the misimpression that Andrews has only one employer, NYCHA, and therefore Andrews cannot obtain employment-related relief of any kind from the City. However, Andrews may state Title VII and Equal Pay Act claims against the City if she can establish that the City was her "employer." *See* 42 U.S.C. § 2000e-2; 29 U.S.C. 206(d). "The term 'employer' has been construed liberally under Title VII, and does not require a direct employer/employee relationship." *Laurin v. Pokoik*, No. 02-CV-1938 (LMM), 2004 WL 513999, at *4 (S.D.N.Y. Mar. 15, 2004) (citations omitted); *see also Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 483 (2d Cir. 2001) ("The Equal Pay Act and Title VII must be construed in harmony, particularly where claims made under the two statutes arise out of the same discriminatory pay policies.").

Courts have developed different doctrines for determining when an entity is an individual's "employer" for Title VII purposes:

> Two doctrines are relevant in cases where two or more entities are involved in an individual's employment. First, the "single employer" doctrine applies when "two nominally separate entities are actually part of a single integrated enterprise.". . . Where two entities are deemed part of a single integrated enterprise, then both entities are "subject to joint liability for employment-related acts." Four factors are considered: "(1) interrelation of operations, (2) centralized control of labor

9

relations, (3) common management, and (4) common ownership or financial support."

Second, the "joint employer" doctrine applies when separate legal entities have "chosen to handle certain aspects of their employer-employee relationships jointly." Here, courts look at "commonality of hiring, firing, discipline, pay, insurance, records, and supervision" to determine whether an entity is a joint employer.

*Lima v. Addeco*, 634 F. Supp. 2d 394, 399-400 (S.D.N.Y. 2009) (citations omitted), *aff'd sub nom. Lima v. Adecco &/or Platform Learning, Inc.*, 375 F. App'x 54, 2010 WL 1660179 (2d Cir. 2010).

Assuming Andrews's allegations are true, and drawing all inferences in her favor, Andrews has adequately pleaded that the City is Andrews's "employer" under Title VII.[5] Substantial indicia are present here that the City qualifies as Andrews's employer. For example, the City negotiated with Local 1180 with respect to the job title held by Andrews; the City (through its agent, DCAS) approved the job title and promulgated personnel rules; the City issues pay checks to Andrews; and Andrews participates in the City's employee retirement system.

If the City is either part of a "single employer" with NYCHA of Andrews, or a "joint employer" with NYCHA of Andrews, its liability is joint and several. As such, NYCHA is not a required party under Rule 19. *See Garner v. Behrman Bros. IV, LLC*, 260 F. Supp. 3d 369, 381 (S.D.N.Y. 2017) ("A plaintiff asserting a single employer claim under the WARN Act . . . may choose not to name a direct employer without foundering on Rule 19, as the Supreme Court has held that joint tortfeasors are not indispensable parties under Rule 19(a)." (citing *Temple v. Synthes Corp.*, 498 U.S. 5, 8 (1990)). According to the Advisory Committee Notes to Rule 19(a), "a

---

[5] It is not necessarily the case that the City (as "employer" of Andrews) would be liable for any actions or inactions by NYCHA. The City is "entitled to demonstrate that [the City and NYCHA] are actually separate or that [the City] should not be liable for [NYCHA's] conduct." *St. Jean v. Orient-Express Hotels Inc.*, 963 F. Supp. 2d 301, 308 (S.D.N.Y. 2013).

tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Fed. R. Civ. P. 19(a) advisory committee's note to 1966 amendment.

Since the Court finds that NYCHA is not a necessary party, the Court need not address whether NYCHA is indispensable. *Viacom*, 212 F.3d at 724 ("If a party does not qualify as necessary under Rule 19(a), then the court need not decide whether its absence warrants dismissal under Rule 19(b)." (citation omitted)).

## **CONCLUSION**

For the reasons set forth above, the Court DENIES Defendants' motion. The Clerk of Court is directed to close the motions at ECF Nos. 39 and 54.

**SO ORDERED.**

DATED:   New York, New York
         July 31, 2018

_____
**STEWART D. AARON**
**United States Magistrate Judge**