UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

LOCAL 1180, COMMUNICATIONS WORKERS OF
AMERICA AFL-CIO, Individually and on behalf of its
members, LOURDES ACEVEDO, LYNETTE
ANDREWS, NATHIA BELTRAN, ADRIENNE REED,
and ROSE REEVES, on behalf of themselves and all other
similarly-situated individuals,

                                                  Plaintiffs,

Case No. 17 Civ. 3048
(LGS)(SDA)

-against-

THE CITY OF NEW YORK and DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,

                                                  Defendants.

------------------------------------------------------------------------ X

## STIPULATION OF CLASS ACTION SETTLEMENT AND PROPOSED PRELIMINARY ORDER OF APPROVAL

**WHEREAS,** Local 1180, Communications Workers of America AFL-CIO, Individually and on behalf of its members, Lourdes Acevedo, Lynette Andrews, Nathia Beltran, Adrienne Reed, and Rose Reeves, on behalf of themselves and all other similarly-situated individuals (collectively, "Named Plaintiffs") brought this action under the Equal Pay Act of 1963 ("EPA"), as amended, 42 U.S.C. §206, et seq., the Civil Rights Act of 1871, 42 U.S.C. § 1981, et seq., ("§1981"), and Civil Rights Act of 1871, 42. U.S.C. §1983, et seq., ("§1983"), the New York State Equal Pay Law ("NY EPL"), Labor Law §§ 194 et seq., the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("SHRL"), and the New York City Human Rights Law, N.Y.C. Administrative Code §§ 8-107 et seq. ("CHRL"), and amended to include Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.,* on behalf of themselves and all similarly situated Administrative Managers, Non-Managerial, in which they contend that Administrative Managers, Non-Managerial, have been subjected to a

1

pattern and/or practice of wage suppression and other disparate pay practices that have adversely impacted the predominantly female and non-white workforce.

**WHEREAS,** the Named Plaintiffs seek an upward adjustment of the minimum salary, adjustment of pay differential based on race and gender, the establishment of a pay levels based on assigned duties and responsibilities, a step process for promotion, and other demanded damages, equitable relief, and reasonable attorney's fees, and the cost of the action (the "Class Action");

**WHEREAS**, the City of New York and the New York City Department of Citywide Administrative Services (collectively "Defendants") deny any and all liability arising out of the allegations asserted in the complaint and amended complaint filed in this action and specifically deny that Defendants violated the EPA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, Sections 1981 and 1983, NY EPA, the NYSHRL and the NYCHRL, and deny that Plaintiffs are entitled to damages, equitable relief or attorney's fees and costs or other relief; and

**WHEREAS**, the Defendants and Plaintiffs (collectively the "Parties") wish to settle this action ("Settlement") without demanding that Defendants admit any violation of the law and understanding and agreeing that neither the making of this Settlement, nor anything contained herein shall in any way be construed or considered to be an admission by Defendants of violation of, or non-compliance with, any federal, state, city or local statute, constitution, rule, ordinance, public policy, wage-hour law, wage-payment law, tort law, contract law, common law or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever and that nothing in this agreement shall create a joint employer relationship between Defendants and the New York City Housing Authority ("NYCHA") with regards to Administrative Managers,

2

Non-Managerial who work at NYCHA ("NYCHA Employees");

**WHEREAS,** the City and Local 1180, Communications Workers of America AFL-CIO ("Local 1180") engaged in collective bargaining and entered into a Memorandum of Agreement on May 2, 2017 ("First MOA"), which, among other things, memorialized a desire of both parties to settle the instant pending action;

**WHEREAS,** the May 2, 2017 First MOA is superseded and replaced by the Memorandum of Agreement dated February __, 2019 ("Second MOA") and;

**WHEREAS,** with the assistance of the New York City Mayor's Office of Labor Relations, NYCHA and Local 1180 entered into a side Memorandum of Agreement ("side-NYCHA MOA") annexed to this Stipulation as Appendix F and incorporated into the terms of this Stipulation;

**WHEREAS,** the Named Plaintiffs also allege claims under the EPA and NY EPL in this action on behalf of themselves and all other similarly situated individuals;

**WHEREAS,** no Collective Action has been certified with respect to the EPA and NY EPL claims asserted in this matter;

**WHEREAS,** the Parties understand that in order to reach this Settlement, Plaintiff CWA and the City have agreed to utilize funding from the CWA's Additional Compensation Fund—a pool of money available to CWA pursuant to the parties' 2008-2010 Collective Bargaining Agreement—for the City to make annuity payments totaling $5,544,400.00 to certain employees in the title of Administrative Manager, Non-Managerial as outlined herein;

**NOW THEREFORE**, in consideration of the mutual covenants, promises and terms set forth herein, the Parties agree, subject to the Court's approval, to settle this action as follows:

1.      It is agreed by and among the Parties that this Class Action be settled and compromised, subject to the terms and conditions set forth in this Stipulation of Settlement and the approval of the Court.

## JURISDICTION AND VENUE

2.      The Parties agree that the Court has subject matter jurisdiction over this action and the Settlement of the action and that venue is proper in the Southern District of New York. The Court shall retain jurisdiction over this action, solely for the purposes of entering orders and judgments that may be necessary to implement or enforce the relief and rights provided in this Stipulation of Settlement.

## CLASS CERTIFICATION

3.      Solely for purposes of this Settlement, it is stipulated and agreed that the Court enter an order finally certifying a Title VII Class Action, pursuant to FRCP 23(a)-(b)(3) as follows:

a.   Certifying the following class (the "Settlement Class") as: "all people employed by the City in the title of Administrative Manager, Non-Managerial at any time during the period from December 1, 2013 through April 30, 2017 in any agency, authority or other entity excluding only those Administrative Managers who worked at New York Transit Authority ("Transit")."

b.   Designating Lourdes Acevedo, Lynette Andrews, Nathia Beltran, Adrienne Reed, and Rose Reeves as Class Representatives.

c.   Appointing RG2 Claims Administration, LLC to act as Claims Administrator with the condition that RG2 Claims Administration, LLC charge no more than $20,000 to so act and directing Defendant the City of New York to cover such costs.

4

d.  Appointing Yetta G. Kurland and The Kurland Group as class counsel ("Class Counsel").

4.      It is agreed by and among the parties, that solely for the purposes of settlement, NYCHA will be named as a releasee in the general releases executed by the Settlement Class. The Parties agree that Administrative Managers, Non-Managerial employed by NYCHA are included in the Settlement Class solely for purposes of effectuating a complete settlement on these claims and that this in no way creates a joint employer relationship between the City and NYCHA.

5.      It is expressly agreed that nothing in this Stipulation of Settlement, including the Second MOA and/or the side-NYCHA MOA, shall have any impact on Administrative Managers who work at Transit ("Transit Employees").

6.      It is further stipulated and agreed that the claims of Plaintiffs and the Settlement Class brought pursuant to EPA, §1981, §1983, SHRL, and CHRL are to be discontinued with prejudice and Plaintiffs irrevocably waive any right to commence any further actions or proceedings or to file any claims that were brought in this Action against the City of New York or the New York City Department of Administrative Services, except to enforce the terms of this Stipulated Settlement.   Thus, collective and class certification as to those claims is moot.

## EFFECTIVE DATE

7.      The terms embodied in this Stipulation of Settlement shall become effective only when all of the following events have occurred:  (i) this Stipulation of Settlement has been executed by the Named Plaintiffs, Class Counsel, and Defendants' counsel; (ii) the Notice of Proposed Settlement and Objection and Opt Out Form ("Notice Documents") have been sent to all Settlement Class members, providing them with an opportunity to opt out and/or object to the Settlement; (iii) the Court has held a final hearing (the "Fairness Hearing") and entered a final

order approving this Stipulation of Settlement, and the Court approving Class Counsel's application for attorneys' fees provided they are reasonable; and (iv) the later of the following events: the day after entry of an order by the District Court granting final approval to the Settlement, if there are no appeals; or, if there is an appeal of the Court's decision granting final approval of the Settlement, the day after all appeals are finally resolved in favor of final approval ("Effective Date").   In this regard, it is the intention of the Parties that this Stipulation of Settlement shall not become effective until the Court's order approving the Settlement has become completely final, and there are no further unresolved matters or further recourse by any appellant or objector who seeks to contest the terms of the Settlement.

## EQUITABLE RELIEF

8.      In settlement of this action, it is stipulated and agreed as follows:

   a.   The Parties shall establish three pay levels, effective October 6, 2018, based on assigned duties for the Administrative Manager, Non-Managerial title, the description of which is attached herein as Appendix "A," incorporated and made part of this Stipulation of Settlement, and in accordance with the following:

   i.   The salary schedule attached herein as Appendix "B" and Appendix "C" and both incorporated and made part of this Stipulation of Settlement shall apply to all assignment levels;

   ii.   There shall be no automatic advancement to a higher level; but no member shall be demoted, and this Settlement and the terms outlined in this Stipulation of Settlement shall result in no decrease in an employee's pay or position, and

   iii.   Incumbent employees in the Administrative Manager, Non-Managerial title will be placed in the appropriate level by their

6

employing agency or authority according to their assigned duties and responsibilities and in accordance with the level descriptions set forth in Appendix A.

iv.   If any Administrative Manager, Non-Managerial employee wishes to seek review of this placement, they may do so by first seeking review by a committee which shall be established by the Parties and shall be composed of an equal number of City and Local 1180 representatives to review any level placement appeals. If this preliminary review process does not resolve the level dispute, that employee may then grieve their level placement as outlined under the terms of the Collective Bargaining Agreement between CWA Local 1180 and the City of New York. If any employee seeks such review, the City and the Union agree within 30 days to work together to establish a process for resolution.

v.    The City shall provide to the Union no later than 60 days from the Effective Date a finalized list of the title start date, salary and level placement for each of the Administrative Managers, Non-Managerial who were in that position as of October 6, 2018 or thereafter.

b.   An employee who promotes into the Administrative Manager, Non-Managerial title shall receive either the 0 years-of-service incumbent minimum for their assigned level or 8% above their current total compensation (including additions-

to-gross), whichever is greater.  Local 1180's Additional Compensation Fund shall be charged for the cost of this promotional increase.

c.  An employee who advances from Administrative Manager, Non-Managerial Level I to Level II shall receive either 0 years-of-service incumbent minimum for Level II or their current total compensation (including additions-to-gross) plus $1,500.00, whichever is greater.   An employee who advances from Administrative Manager, Non-Managerial Level II to Level III shall receive either 0 years-of-service incumbent minimum for Level III or their current total compensation (including additions-to-gross) plus $2,000.00, whichever is greater. The maximum salary level for each level shall not serve as a bar to nor shall it preclude a higher salary for any employee which is due pursuant to sections (b) and (c) of this paragraph.

d.  Any disputes regarding the matters described in Paragraphs 8 (a)-(c), above shall be subject to the grievance and arbitration procedure as set forth in the Collective Bargaining Agreement between CWA Local 1180 and the City of New York.  It is further agreed that any party may elect to bring the dispute directly to the Office of Collective Bargaining for expedited impartial arbitration.  The parties shall mutually agree upon an arbitrator to hear such disputes, and the rules set forth in Article VI, Section 15(c)(ii) of the parties' collective bargaining agreement shall govern the conduct of hearings.

e.  As referenced in the last WHEREAS clause in this Stipulation of Settlement, and more fully set forth in the letter between CWA Local 1180 and the City of New York dated February __, 2019, attached hereto as Appendix D and incorporated

8

and made part of this Stipulation, the City shall make a contribution of five million five hundred and forty-four thousand and four hundred dollars ($5,544,400) to the CWA Local 1180 Annuity Fund to be distributed to employees who were in the title of Administrative Manager, Non-Managerial during the period of December 1, 2013 through April 30, 2017. Any and all disputes concerning the payment of these annuity funds shall be resolved in accordance with the exclusive, non-delegable jurisdiction of the grievance procedure set forth in the CBA.

f.  Effective and accruing from May 2, 2017, a training fund contribution of $100 per annum shall be made to the Communications Workers of America, Local 1180 Education Trust Fund on behalf of each full-time per annum employee in the title of Administrative Manager, Non-Managerial, accruing May 2, 2017 and subject to the terms and conditions contained in Article III, Section 12 of the Collective Bargaining Agreement between the City and CWA Local 1180.

g.  For the purpose of information sharing, the City will transmit to the Union, on an annual basis, the following information for all new hires and transfers into the positions described in paragraph 8.a., whose names shall be replaced with a unique alpha-numeric identifier: race, gender, salary on start date, current salary, city start date, title start date, and current job title, in each assignment level of the Administrative Manager, Non-Managerial title.

h.  The parties will establish a committee ("Labor Management Committee") consisting of members from the Union, OLR, and the Department of Citywide Administrative Services ("DCAS") to discuss the following issues:

1. Ways of safeguarding fair and equitable practices in recruitment, retention, pay practices and promotional opportunities, particularly opportunities for promotion into the Administrative Manager, Non-Managerial title and advancement to higher levels and assignments in the title.

2. Communication regarding what types of training and education will allow employees to move up the career ladder, and ways to increase opportunities for such training and education.  In addition to training provided by DCAS and the City, the parties will discuss outside educational programs, including those provided by the CUNY Murphy Institute.

3. Civil service issues, including the frequency of promotional and open competitive exams for the Administrative Manager title.

4. Incorporation of the pay levels into a civil service class specification issued by DCAS.

5. Pathways for employees to advance to higher levels within the Administrative Manager, Non-Managerial title.

6. A posting system for job opportunities within agencies.

7.  A system to determine qualification for assignment to higher levels based on performance, experience, acquiring skills, awards, and educational attainment.

i.   The relief outlined in this paragraph shall apply to all employees in the title of Administrative Manager, Non-Managerial regardless of whether or not they participate in this Settlement and shall apply to incumbent employees who are already Administrative Managers, Non-Managerial in any agency, authority or elsewhere, prior to October 6, 2018, as well as any and all employees promoted or otherwise hired into the title of Administrative Managers, Non-Managerial in any agency, authority, or elsewhere, after October 6, 2018.

j.  The relief outlined in Paragraph 8(a)-(d) and (f)-(i) is reflected and memorialized in the Second MOA between CWA Local 1180 and the City of New York dated February __, 2019 attached hereto as Appendix E which is incorporated and made part of this Stipulation of Settlement which is intended to and shall supersede and replace the First MOA except that nothing herein shall limit Transit Employees and/or Local 1180 on behalf of Transit Employees from enforcing any rights under the First MOA.  Also incorporated and made part of this Stipulation of Settlement as Appendix F is the side-NYCHA MOA between CWA Local 1180 and the New York City Housing Authority dated February __, 2019.

k.  Other than the provision in Subsection (d) of this Paragraph allowing for expedited arbitration, nothing in this Stipulation of Settlement shall limit, reduce, offset or otherwise influence in any way any and all employees' benefits, rights, remedies, duties, and obligations under the Collective Bargaining Agreement (CBA) between the City and CWA Local 1180.  All disputes concerning the terms contained in Paragraph 8 (a)-(i) shall be resolved in accordance with the exclusive, non-delegable jurisdiction of the CBA, and all applicable laws. Nothing in this Stipulation of Settlement shall influence future collective bargaining efforts by CWA Local 1180 on behalf of its members, including but not limited to negotiating future pay increases.

9.  Retroactive back pay pursuant to Paragraph 8(a) herein accruing from October 6, 2018 shall be paid, and rate increases shall be implemented, no later than 120 days from the Effective Date.

## CLAIMS ADMINISTRATOR

10.     For purposes of effectuating claims administration for the monetary relief outlined in Paragraphs 16 through 28 herein and Notice requirements outlined in Paragraphs 30 through 41 herein, Plaintiff shall select, Defendants shall pay (pursuant to Paragraph 15 herein), and the Court shall appoint, the third-party claims administration and notice firm of RG2 Claims Administration, LLC to perform all of the administrative duties and Notice requirements pursuant to this Agreement, the Preliminary Approval Order, and the Final Approval Order ("Claims Administrator").

11.     The Claims Administrator shall have the following duties:

    a.  Issue Notice to Settlement Class Members via first class mail;

    b.  Maintain a website providing information and allowing for online electronic completion for Settlement Class Members of release, affidavit concerning liens and W-9 form with Docusign or similar program;

    c.  Maintain telephonic and electronic mail support for Settlement Class Members;

    d.  Follow up with potential Settlement Class Members regarding returned notices, deficient claim forms and execution of releases, affidavits concerning liens and W-9 form;

    e.  Conduct efforts to locate missing Settlement Class Members;

    f.  Gather and maintain all claim documents, objections, opt-outs and releases as outlined in this Stipulation of Settlement;

    g.  Issue deficiency letters and process responses to deficiency letters;

    h.  Submit all releases, affidavit of liens, and IRS Form W-9 to the New York City Law Department and Class Counsel from Settlement Class members as they are received or on a weekly basis;

    i.  All other functions of a claims administrator except that the City of New York will be responsible for distributing City Back Pay (as defined in Paragraph 16 herein) and paying the City's portion of legal fees (as awarded by the Court) consistent with Court approved deadlines in accordance with the terms of this Stipulation of Settlement and reporting and remitting all applicable taxes, deductions, and withholdings. Defendants also will send to Plaintiffs' counsel a payroll report stating the amount to which each Eligible Plaintiff will be paid, including deductions.

12.     After an Order is entered preliminarily approving this Settlement, the Claims Administrator will provide regular updates to Class Counsel and Defendants' Counsel regarding: (a) the status of sending Notices to Settlement Class Members; (b) the status of individuals who have[4] requested to opt-out or submitted objections; (c) a list of all Settlement Class members who have completed all necessary settlement documents and the date the documents were sent to the Law Department; and (d) any other information necessary for the administration of this Settlement and performance of the terms of this Stipulation of Settlement.

13.     Class Counsel and Defendants' counsel agree to cooperate with the Claims Administrator as necessary to facilitate the administration, implementation, and distribution of the Settlement.

14.     The list annexed to this Stipulation as Appendix G shall constitute the Settlement Class List which includes the formula necessary to calculate the projected Back Pay payment for each Settlement Class Member.

15.     Defendants agree to bear up to twenty thousand dollars and no cents ($20,000.00) for the retention of the Claims Administrator.

### MONETARY RELIEF

16.     In addition to other relief outlined in this Stipulation of Settlement, Defendant the City of New York shall pay an amount of $5,181,668.65 ("City Back Pay") and NYCHA shall pay the amount of $454,015.35 ("NYCHA Back Pay"), pursuant to the terms of the side-NYCHA MOA. These dollar amounts, totaling $5,635,684.00 (collectively referred to herein as "Back Pay"), shall be used to pay legal fees and back pay.

17.     Attached here as Appendix G which is incorporated and made part of this Stipulation of Settlement is the Settlement List which is provided by Defendants and contains all

Administrative Manager, Non-Managerial employees during the relevant period of December 1, 2013 and April 30, 2017 in any agency or authority or elsewhere, excluding only Transit. Defendants represents that to the best of their ability Appendix G is a true, accurate and complete list of all employees in the title of Administrative Managers, Non-Managerial that were employed during the time period of December 1, 2013 through April 30, 2017 in any and all agency, authority or elsewhere excluding only Transit.

18.     Through the assistance of the City of New York, the New York City Housing Authority and Local 1180 have negotiated the side-NYCHA MOA, in which NYCHA has agreed to pay the amount of $454,015.35 for NYCHA Back Pay to individuals holding the Administrative Managers, Non-Managerial and employed by NYCHA at any time during the period from December 1, 2013 through April 30, 2017.  As an accommodation to the NYCHA Settlement Class members, the New York City Office of Payroll Administration ("OPA") shall process and deliver this NYCHA Back Pay to the Administrative Managers, Non-Managerial employees employed by NYCHA who are subject to the side-NYCHA MOA in accordance with the terms of the Stipulation of Settlement and its appendices.

19.     Defendant the City of New York shall issue payment to each Settlement Class Member who executes and returns to Defendants' counsel a general release, an affidavit concerning liens, and W-9 form annexed hereto as Appendix H which is incorporated and made part of this Stipulation of Settlement, or completes the documents online.  The general release, affidavit concerning liens and W-9 form may be returned by mail to the Claims Administrator at the address provided or completed online through a web portal maintained by the Claims Administrator.     The Claims Administrator shall provide copies of these documents to Defendant's and Class Counsel.  Payment of City Back Pay shall be made no later than 90 days

after (a) the Effective Date, or (b) receipt by the Comptroller's Office of the foregoing documents, whichever is later.

20.　　The New York City Housing Authority shall issue payment to each Administrative Managers, Non-Managerial employees of NYCHA who executes and returns to Defendants' counsel a general release, an affidavit concerning liens, and W-9 form annexed hereto as Appendix H which is incorporated and made part of this Stipulation of Settlement, or completes the documents online. The general release, affidavit concerning liens and W-9 form may be returned by mail to the Claims Administrator at the address provided or completed online through a web portal maintained by the Claims Administrator. The Claims Administrator shall provide copies of these documents to Defendants and Class Counsel. Payment of NYCHA Back Pay shall be made no later than 90 days after the Effective Date.

21.　　In the event any Administrative Manager, Non-Managerial was not included in the City Back Pay calculations and excluded from Appendix G, that employee shall be paid back pay in accordance with the above from additional funds provided by the City.

22.　　In the event any NYCHA Employee was not included in the NYCHA Back Pay calculations and excluded from Appendix G, that employee shall be paid back pay in accordance with the above from additional funds provided by NYCHA.

23.　　No person who opts out of the Settlement shall receive any City Back Pay award, except as may be determined in any future litigation.

24.　　The City shall pay to each of the Named Plaintiffs Lourdes Acevedo, Lynette Andrews, Nathia Beltran, Adrienne Reed, and Rose Reeves, a service award ("Service Award") of one thousand dollars ($1,000.00).

25.     All Back Pay and Service Awards are to be distributed to each Settlement Class Member within 90 calendar days of the Effective Date, less any applicable federal state and local withholding taxes, any withholding for levies or garnishments on income as required by law as well as legal fees.  In order to receive payment, Settlement Class Members must complete online or return by mail an executed general release, an affidavit concerning liens, and a W9 form. These payments shall be deemed to be paid solely in the year in which such payments are made and shall be made for any Settlement Class Member for which it is available by direct deposit.

26.     It is expressly understood and agreed that no pension contributions shall be taken from any of the Back Pay outlined herein and service awards listed above.

27.     It is expressly understood and agreed that any portion of Back Pay allocable to Settlement Class Members who opt out of the action, who fail to return or complete through online portal the general release, affidavit concerning liens or W-9, or who fail to cash their checks within nine (9) months of the date of issuance of the check shall be re-allocated to Back Pay awards for participating Settlement Class Members and distributed pro-rata in accordance with the terms of this Stipulation of Settlement, except and unless ten percent (10%) or more of Settlement Class Members opt out of this Settlement or fail to cash their checks within nine (9) months of the date of issuance of the check, in which case the funds apportioned for those Settlement Class Members shall instead revert to Defendants or NYCHA, provided that Defendants and NYCHA have made reasonable efforts to deliver checks to the accurate address of all Class Members or their lawful heirs.

28.     Subject to Court approval, legal fees and costs shall be paid to Class Counsel as follows:

16

a) Defendants shall pay directly the sum of three hundred thousand dollars and no cents ($300,000.00) towards Plaintiffs' legal fees and costs incurred by the Union in pursuit of the claims filed at the Equal Employment Opportunity Commission, based on billing records submitted to the Court, by delivering a check for this amount made payable to The Kurland Group to its offices at 85 Broad Street, 28th Floor, New York, NY 10004, within ninety (90) days from the Effective Date of this Agreement. Defendants' contribution of $300,000.00 in legal fees and costs shall not be deducted from the proceeds of this Settlement.

b) In addition, following a Fairness Hearing and prior to the District Court's entry of an order finally approving this Settlement, Class Counsel shall file an application to recover legal fees and costs for work done on behalf of the Settlement Class in this action of not more than twenty-five percent (25%) of the Back Pay award.

c) Defendants agree that the legal fees and costs outlined in Paragraph 28(a)-(b) are fair and reasonable and Defendants will not oppose or take any position on Class Counsel's fee application.

d) The City shall be responsible for paying 91.94% of the attorneys' fees awarded pursuant to Paragraph 28(b) herein. NYCHA shall be responsible for paying 8.06% of the aforesaid attorneys' fees, pursuant to the side-NYCHA MOA. It is understood and agreed that the attorneys' fees amounts are being paid out of the City Back Pay and NYCHA Back Pay.

## RIGHT TO RESCISSION

29. In the event that fifty percent (50%) or more of the Settlement Class Members opt

out of this Settlement by the Court-ordered deadline, Defendants shall have the right in their sole discretion to rescind and void this Settlement by giving written notice to Class Counsel and the Court no later than 15 days before the Fairness Hearing.

## RIGHT OF CLASS ACTION MEMBERS
## TO OBJECT TO, OR OPT OUT THE SETTLEMENT

30.     Parties shall file this Stipulation of Settlement together with the proposed Notice Documents attached here as Appendix I, along with a joint motion that the Court enter an order substantially in the following form:

a.  Scheduling a fairness hearing on the question of whether the proposed Settlement should be approved;

b.  Approving as to form and content the Notice of Proposed Settlement and Fairness Hearing in Administrative Manager, Non-Managerial Litigation ("Notice");

c.  Approving a Notice Period of forty-five (45) days;

d.  Directing the mailing of the Notice with release, affidavit concerning liens and W-9 by United States by first-class mail to Settlement Class Members and the establishment of a website providing information about this Settlement to the Class Members and a portal to complete settlement documents online;

e.  Appointing RG2 Claims Administration, LLC as Claims Administrator;

f.  Preliminarily approving the Settlement subject only to opt-outs and objections of Settlement Class Members, Plaintiffs' Counsel's application for reasonable attorney's fees and costs, and final review by the Court; and

g.  Enjoining any individual from filing or prosecuting any claims, suits or administrative proceedings regarding claims to be released by this Settlement

unless the individual has opted-out of this Settlement.

31.     The purpose of the Fairness Hearing, the hearing on Class Counsel's fee application, and related notice procedures set forth below is to provide all persons who may be affected by the terms of the Stipulation of Settlement with notice of the terms of the proposed Settlement and to present Class Members with an opportunity to object to or opt out of the Settlement prior to final approval of this Stipulation of Settlement.

32.     The Fairness Hearing and hearing on the fee application shall be held at the United States Courthouse for the Southern District of New York, 500 Pearl Street, NY, NY 10007-1312 in Courtroom 11C at a date set by the Court.

33.     At least 45 calendar days before the date of the Fairness Hearing, the Claims Administrator shall send, via first-class U.S. mail to each Settlement Class Member at his/her last known mailing address the following documents:  (a) Notice of Proposed Settlement and Fairness Hearing in Administrative Manager, Non-Managerial Litigation, with release and affidavit concerning liens and W-9, and (b) a blank Objection and Opt-out Form (collectively, the "Notice Documents") along with information on how to complete these forms online.

34.     Settlement Class Members who wish to object to the terms of the Settlement must complete and send a copy of the Objection Form to Class Counsel and file a copy of this Objection with the Court.  Settlement Class Members who wish to withdraw from the Settlement must do so in writing ("Opt-out") and send the Opt-out form to the Claims Administrator.

35.     All Objection Forms shall state the objectant's name, address, telephone number, and email address; set forth a specific description of the objectant's basis for objecting; state the name and contact information of the objectant's attorney, if any (other than Class Counsel Yetta G. Kurland and/or The Kurland Group); and state whether the objectant wishes the opportunity

to be heard in Court at the Fairness Hearing.

36.     Any attorney (other than Class Counsel Yetta G. Kurland and/or The Kurland Group) appearing for an objectant must file a notice of appearance and any objection on his or her client's behalf at least 25 calendar days before the date of the Fairness Hearing

37.     All Objection Forms and Opt-out Forms must be postmarked within the applicable Notice Period and no later than 25 calendar days before the date of the Fairness Hearing.

38.     Any Settlement Class Member who fails to submit an Objection Form or Opt-out by the deadline shall be deemed to have waived his or her right to object to the terms of this Settlement or opt-out from this Settlement, except for good cause as determined by the Court.

39.     Any Settlement Class Member who fails to indicate on the Objection Form a request to appear in person or through counsel (other than through Class Counsel Yetta G. Kurland and/or The Kurland Group) at the Fairness Hearing waives the right to do so, except for good cause as determined by the Court.

40.     At least 20 calendar days before the date of the Fairness Hearing, the Claims Administrator shall provide Class Counsel, Defendants' Counsel and the Court copies of all Opt-Outs received by the Claims Administrator. .

41.     At least 10 days before the date of the Fairness Hearing, Defendant and/or Class Action Counsel shall file with the Court any responses to timely Objections it received by Class Action members.

## DISMISSAL OF CLAIMS

42.     Upon the final approval by the Court of this Stipulation of Settlement, and upon performance of the terms of this Stipulation of Settlement including payment, receipt and

clearance of funds by Defendants, and except as to such rights or claims as may be created by this Stipulation of Settlement, each Named Plaintiff and Settlement Class Member who does not timely opt out, individually, fully releases and discharges Defendants, their assigns, agents, directors, officers, employees, representatives, attorneys, benefit plans, plan fiduciaries and/or administrators, and all persons acting on behalf of them, from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees other than the fees and costs awarded by the Court, damages, actions or causes of action arising from all claims that were or could have been pled in the Amended Complaint, including but not limited to claims brought under the EPA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq.*, Sections 1981 and 1983, NYEPA, the NYSHRL and the NYCHRL ("Released Claims") from the beginning of the world, to the date of this settlement agreement.

43.     Upon final approval by the Court of this Stipulation of Settlement, and upon performance of the terms of this Stipulation of Settlement including payment, receipt and clearance of funds to be paid by Defendants, and except as to such rights or claims as may be created by this Stipulation of Settlement, this action shall be dismissed with prejudice as against Defendants City of New York and New York City Department of Citywide Administrative Services.

## MUTUAL FULL COOPERATION

44.     The Parties agree to fully cooperate with each other to accomplish the terms of this Stipulation of Settlement, including but not limited to, execution of such documents and taking such other action as reasonably may be necessary to implement the terms of this Stipulation of Settlement.   The Parties to this Stipulation of Settlement shall use their best efforts, including all efforts contemplated by this Stipulation of Settlement and any other efforts

that may become necessary by order of the Court, or otherwise, to effectuate this Stipulation of Settlement and the terms set forth herein. Plaintiffs further irrevocably waive any rights to commence any further actions or proceedings or to file any claims whatsoever against the City of New York and the New York City Department of Citywide Administrative Services which were brought in this Action, except to enforce the terms of this Stipulation of Settlement.

## NO PRIOR ASSIGNMENTS

45.     All Parties and their respective counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

## NO ADMISSION

46.     Nothing contained herein, nor the consummation of this Stipulation of Settlement, is to be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any party, its assignees, agents, directors, officers, employees, representatives, attorneys, benefit plans, plan fiduciaries and/or administrators. With respect to this action, all Parties hereto have entered into this Stipulation of Settlement solely with the intention to avoid further disputes and litigation with the attendant inconvenience and expense of litigation and to settle all claims.

## ENFORCEMENT ACTIONS

47.     This Court shall retain jurisdiction of this matter, after the discontinuance of this action as against Defendants City of New York and New York City Department of Citywide Administrative Services for the sole purpose of enforcing the terms of this Stipulation of Settlement. In the event that one or more Parties to this Stipulation of Settlement institutes a

legal action or other proceeding against any other Party or Parties to enforce the provisions of this Stipulation of Settlement or to declare rights or obligations under this Stipulation of Settlement, the successful Party or Parties shall be entitled to recover from the unsuccessful Party or Parties reasonable attorney's fees and costs, incurred in connection with any such actions.

## CONSTRUCTION

48.     All Parties hereto agree that the terms and conditions of this Stipulation of Settlement are the result of lengthy, intensive, arms-length negotiations between the Parties, and that this Stipulation of Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or Party's counsel participated in the drafting of this Stipulation of Settlement.

## MODIFICATION

49.     This Stipulation of Settlement may not be changed, altered or modified, except in writing and signed by the Parties hereto, and approved by the Court.  This Stipulation of Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

## INTEGRATION CLAUSE

50.     This Stipulation of Settlement along with all attachments and appendices annexed hereto contains the entire agreement between the Parties relating to the Settlement contemplated hereby, and constitutes all prior or contemporaneous agreements, understandings, representations and statements, among the Parties as to the Settlement of this action.  No rights hereunder may be waived except in writing.

## BINDING ON ASSIGNS

51.     This Stipulation of Settlement shall be binding upon and inure to the benefit of the

Named Plaintiffs, each Settlement Class Member who does not opt out of the Settlement, the

Defendants, and their respective heirs, trustees, executors, administrators, successors and assigns.

## SIGNATORIES

52.     It is agreed that because the Settlement Class Members are so numerous, it is

impossible or impractical to have each Settlement Class Member execute this Stipulation of

Settlement, the Notice of Proposed Settlement will advise all Settlement Class Members of the

binding nature of the release.  The failure to timely submit a properly executed Opt-out shall

have the same force and effect as if this Stipulation of Settlement were executed by a Settlement

Class Member.

53.     This Stipulation of Settlement may be signed in counterpart.  A facsimile

signature shall be deemed an original for purposes of this agreement.


Dated: New York, New York
       February __, 2019


AGREED TO:

**Named Plaintiff Lourdes Acevedo**

BY: _____
       LOURDES ACEVEDO


**Named Plaintiff Lynette Andrews**

BY: _____
       LYNETTE ANDREWS

24

**Named Plaintiff Nathia Beltran**

BY: _____
    NATHIA BELTRAN


**Named Plaintiff Adrienne Reed**


BY: _____
    ADRIENEE REED


**Named Plaintiff Rose Reeves**


BY: _____
    ROSE REEVES


**The Kurland Group**
Counsel for the Class Action


BY: _____
    YETTA G. KURLAND
    85 Broad Street, 28th Floor
    New York, NY 10004
    (212) 253-6911


**On behalf of Defendants:**

**ZACHARY W. CARTER**
Corporation Counsel
*Attorney for Defendants*

BY: _____
    DONNA A. CANFIELD
    ASSISTANT CORPORATION COUNSEL
    The City of New York Law Department
    100 Church Street
    New York, New York 10007-2601
    Tel: (212) 356-2461