UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

LOCAL 1180, COMMUNICATIONS WORKERS OF
AMERICA AFL-CIO, Individually and on behalf of its
members, LOURDES ACEVEDO, LYNETTE ANDREWS,
NATHIA BELTRAN, ADRIENNE REED, and ROSE
REEVES, on behalf of themselves and all other similarly-
situated individuals,

Case No. 17 Civ. 3048
(LGS)(SDA)

                                             Plaintiffs,

                         -against-

THE CITY OF NEW YORK and DEPARTMENT OF
CITYWIDE ADMINISTRATIVE SERVICES,

                                             Defendants.

------------------------------------------------------------------------ X


## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF STIPULATION OF CLASS ACTION SETTLEMENT AND PROPOSED PRELIMINARY ORDER OF APPROVAL


Yetta G. Kurland
The Kurland Group
85 Broad Street, 28th Floor
New York, N.Y. 100004
Telephone: (212) 253-6911
kurland@kurlandgroup.com

*Attorneys for Plaintiffs*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES _____ i

PRELIMINARY STATEMENT _____ 1

FACTUAL AND PROCEDURAL BACKGROUND _____ 1

THE SETTLEMENT _____ 2

ARGUMENT _____ 4

I.    THE COURT SHOULD PRELIMINARILY APPROVE THE
      PROPOSED SETTLEMENT _____ 4

      A. The Settlement is within the range of fairness sufficient to send
         the class notice _____ 4

      B. The proposed service awards are appropriate _____ 6

II.   A SETTLEMENT CLASS SHOULD BE CERTIFIED _____ 7

      A. The Rule 23 Requirements _____ 8

      B. The Class Satisfies Rule 23(a) _____ 9

            1. The Class is Sufficiently Numerous _____ 9

            2. Commonality is Satisfied _____ 9

            3. The Named Plaintiffs' Claims are Typical of the
               Class' Claims _____ 10

            4. The Class is Adequately Represented _____ 11

      C. The Class Satisfies Rule 23(b)(3) _____ 12

            1. Common Questions Predominate _____ 12

            2. A Class Action if the Superior Method for Resolving
               This Dispute _____ 14

III.  THE PROPOSED NOTICE IS ADEQUATE AND SHOULD
      BE APPROVED _____ 15

III.  A FINAL FAIRNESS HEARING SHOULD BE SCHEDULED _____ 17

CONCLUSION _____ 17

## TABLE OF AUTHORITIES

**FEDERAL CASES**

*In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145 (2d Cir. 1987) ...............................9

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997). ...................................................7, 12

*Ansoumana v. Gristede's Operating Corp*., 201 F.R.D. 81 (S.D.N.Y. 2001) ................ 12

*Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee,* 616 F.2d 305 (7 Cir. 1980) ... 4

*Barone v. Safway Steel Products, Inc.*, 2005 WL 2009882, 03-cv-4258
(E.D.N.Y. August 23, 2005) ............................................................................................9, 10, 12

*Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330 (N.D. Ill. 2009) .............. 10

*In re Beef Indust. Antitrust Lit.* 607 F.2d 167 (5 Cir. 1979) ............................................7

*Bolanos v. Norwegian Cruise Lines*, 212 F.R.D. 144 (S.D.N.Y. 2002) ........................... 11, 13

*Cayuga Indian Nation v. Carey*, 89 F.R.D. 627 (N.D.N.Y. 1981) ................................... 15

*City of Detroit v. Grinnell Corp.,* 495 F.2d 448 (2d Cir. 1974).......................................5

*Clark v. Ecolab, Inc*., 2010 WL 1948198 (S.D.N.Y. May 11, 2010) ............................... 6

*Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) ...........................9

*Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 9111
(2d Cir. 2007)...................................................................................................................... 11

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008).................................9, 11, 12

*Gonzalez v. Zito Racing Stable Inc.,* 2008 WL 941643, 04-cv-22 (SLT)(AKT)
(E.D.N.Y. Mar. 31, 2008) ................................................................................................. 13

*Gortat v. Capala Bros., Inc.,* 2009 WL 3347091, 07-cv-3629(ILG)(SMG)
(E.D.N.Y. Oct. 16, 2009)................................................................................................... 8-13

*Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353 (E.D.N.Y. 2009) ....................................... 8, 13

*Haddock v. Nationwide Fin. Servs., Inc.*, 262 F.R.D. 97 (D. Conn. 2009) .....................9, 10, 15

*Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9 Cir. 1998)...................................................7

*Haywood v. Barnes,* 109 F.R.D. 568 (E.D.N.C. 1986)......................................................9

ii

*In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24 (2d Cir. 2006) ................................ 8

*Jankowski v. Castaldi*, 2006 WL 118973, 01-cv-0164 (SJF)(KAM)
(E.D.N.Y. Jan. 13, 2006) ................................................................................................... 8, 13

*In re Janney Montgomery Scott LLC Fin. Consultant Litigation*, 2009 WL 2137224,
(E.D. Pa. Jul. 16, 2009) ......................................................................................................... 6

*Johnson v. Brennan*, No. 10CV4712(CM), 2011 WL 1872405
(S.D.N.Y. May 17, 2011) ....................................................................................................... 4

*Koss v. Wackenhut Corp.*, 2009 WL 928087, at *6, 03-cv-7679(SCR)
(S.D.N.Y. Mar. 30, 2009) ........................................................................................... 10, 12, 13

*In re Nassau County Strip Search Cases*, 461 F.3d 219 (2d Cir. 2006) ........................... 14

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193 (S.D.N.Y. 2006) ........................................ 12

*Mack v. Suffolk County,* 191 F.R.D. 16 (D. Mass. 2000) ................................................. 9

*Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997) ....................................................... 8, 10-12

*Mendez v. Radec Corp.*, 232 F.R.D. 78 (W.D.N.Y. 2005) ............................................... 13, 14

*Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, No. 08 CV 321,
2012 U.S. Dist. LEXIS 37720 (S.D.N.Y. Feb. 24, 2012) ................................................... 15

*Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 345 (S.D.N.Y. 2004) ............... 13

*In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283 (3d Cir. 1998) ... 7

*In re Prudential Securities Inc.*, 163 F.R.D. 200 (S.D.N.Y. 1995) ................................. 4

*Ramos v. SimplexGrinnell L.P.,* 796 F.Supp.2d 346 (E.D.N.Y. 2011) ............................ 10

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001) ............... 11

*Rodriguez v. Hayes*, 591 F.3d. 1105 (9th Cir. 2010) ....................................................... 10, 11

*Stevens v. Safeway, Inc.*, C/A No. 2:05-cv-01988-MMM-SH,
(C.D. Cal. Feb. 25, 2008) ...................................................................................................... 6

*In re Take Two Interactive Secs. Litig.*, No. 06 Civ. 803, 2010 U.S.
Dist. LEXIS 143837, at *31 (S.D.N.Y. June 29, 2010) ...................................................... 4

*Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, *16 (S.D.N.Y. 2006) ......... 14

*In re Visa Check / MasterMoney Antitrust Litig.*, 280 F.3d 126 (2d Cir. 2001) .............. 12-14

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96 (2d Cir. 2005) ........................... 4, 16

*Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir. 1982) ..................................................... 7

*Wineland v. Casey's General Stores, Inc*., 267 F.R.D. 669 (S.D. Iowa 2009) ................ 6

*Zimmer Paper Products Inc. v. Berger & Montague, P.C.*, 758 F.2d 86
(3d Cir. 1985) ................................................................................................................. 15

## NEW YORK CASES

*Pesantez v. Boyle Environmental Services, Inc.*, 673 N.Y.S.2d 659
(N.Y. App. Div. 1 1998) ……………………………………………………………13, 14

## OTHER

*Manual for Complex Litigation, Fourth* § 21 ....................................................................4, 15, 17

## PRELIMINARY STATEMENT

Subject to Court approval, Plaintiffs Local 1180, Communications Workers of America AFL-CIO, Individually and on behalf of its members, Lourdes Acevedo, Lynette Andrews, Nathia Beltran, Adrienne Reed, and Rose Reeves (collectively "Plaintiffs") and Defendants the City of New York and the New York City Department of Citywide Administrative Services (collectively "Defendants")  have settled the Plaintiffs' and class members' claims pursuant to the parties' Stipulation of Class Action and Proposed Preliminary Order of Approval ("Stipulation of Settlement").

Plaintiffs submit this motion to respectfully request that the Court: i) grant preliminary approval of the Stipulation Of Class Action Settlement And Proposed Preliminary Order Of Approval entered into between parties (Exhibit 1); (ii) certify the settlement class pursuant to the provisions of Fed. R. Civ. P. 23(b)(3); (iii) authorize the mailing of the proposed Notice Documents; (iv) set a date for a Fairness Hearing of the class action settlement; and (v) enter the proposed Order for Preliminary Approval filed contemporaneously herewith.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs first initiated this action by filing a Summons with Notice in New York County Supreme Court on December 14, 2016, which was served on Defendants on April 4, 2017.  On April 21, 2017, Defendants served Plaintiffs with a Demand for a Complaint in Supreme Court, and on April 26, 2017, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b).  Plaintiffs alleged that Defendants discriminated against the Class by paying and the class by paying them wages lower than the wages paid to similarly situated white and male employees

1

for the performance of substantially similar work in violation of the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the New York State Equal Pay Law, the New York State Human Rights Law, the New York City Human Rights Law, 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

## THE SETTLEMENT

Following settlement efforts and an initial Memorandum of Agreement between CWA Local 1180 and the City of New York which reflected a desire to settle the instant class action, the parties engaged in detailed and extensive settlement negotiations through their respective attorneys and with the assistance of the Court, including but not limited to settlement conferences with Magistrate Judge Stewart Aaron. As a result of these negotiations, the parties agreed to the final terms of settlement, and entered into a Stipulation of Settlement, which includes but is not limited to back pay totaling $5,635,684.00, an annuity fund payment of $5,544,400, along with retroactive pay effective October 8, 2019 through the date of payment after the Effective Date, as well as equitable relief including but not limited to payment into an Education Fund, annual production of pay data and the formation of a Labor Committee to review pay policy moving forward. The Stipulation of Settlement provides that Plaintiff's attorneys' fees and costs shall be paid as follows: Defendants shall pay directly the sum of three hundred thousand dollars and no cents ($300,000) towards legal fees and costs incurred by the Union in pursuit of the claims filed at the Equal Employment Opportunity Commission, based on billing records submitted to the Court. In addition, following a Fairness Hearing and prior to the District Court's entry of an order finally approving this Settlement, Class Counsel shall file an application to recover legal fees and costs for work done on behalf of the Settlement Class in this action of not more than twenty-five (25%) of the Back Pay award. Defendants agree that these legal fees and costs are fair and

2

reasonable and Defendants will not oppose or take any position on Class Counsel's fee application.  The agreement further provides for $1,000 incentive awards for each of the five named Plaintiffs, and $20,000 in settlement administration costs to RG2 Claims Administration, Inc.

Administrative Managers (Non-Managerial) employed at the NYC Transit Authority are not members of the Settlement Class pursuant to the terms of the Stipulation of Settlement.  The Settlement Class Members who are eligible to receive payments are those Settlement Class Members who do not submit a valid and timely Opt-out Form. Notice providing the Settlement Class Members with the opportunity to opt out will be sent to the Settlement Class Member in the form set forth in Appendix H to the Stipulation of Settlement. Pursuant to Federal Rules of Civil Procedure 23(h) and 54(d)(2), Class Counsel will file a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses pursuant to the Stipulation of Settlement.  Administration of the Settlement will be conducted by RG2 Claims Administration, Inc., an entity experienced in the administration of wage-related and other employment class actions.

Under Rule 23(e)(1) of the Federal Rules of Civil Procedure, notice of a proposed settlement must be directed "in a reasonable manner to all class members who would be bound by the proposal." Pending approval by the Court, the Claims Administrator will issue notice to the Settlement Class, fully satisfying Rule 23(e)(1)'s notice requirement, by mailing a copy of the Notice of Proposed Settlement and Fairness Hearing in Administrative Manager, Non-Managerial Litigation attached to the Stipulation of Settlement as Appendix I to each Class Member. A telephone number, email address, and website will be established to handle inquiries from Settlement Class members regarding the Settlement.

## ARGUMENT

## I.  THE COURT SHOULD PRELIMINARILY APPROVE THE PROPOSED SETTLEMENT

### A. The Settlement is within the range of fairness sufficient to send the class notice

At this stage, the Court is charged with determining whether the proposed class settlement would be fair, reasonable and adequate. *See In re Take Two Interactive Secs. Litig.*, No. 06 Civ. 803, 2010 U.S. Dist. LEXIS 143837, at *31 (S.D.N.Y. June 29, 2010). The Court's function is "to ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing." *In re Prudential Securities*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (quoting *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee,* 616 F.2d 305, 314 (7th Cir. 1980)); *see also Johnson v. Brennan*, No. 10CV4712(CM), 2011 WL 1872405, at *1 (S.D.N.Y. May 17, 2011) (granting preliminary approval where proposed settlement was "within the range of possible settlement approval."). The procedure of providing notice to the class followed by a hearing to consider approving a class settlement has been accepted by numerous courts and is now standard practice. *Prudential*, 163 F.R.D. at 209; *see also Manual for Complex Litigation, Fourth* (Federal Judicial Center 2011) § 21.633. This procedure is supported by the strong policy in favor of settling class action lawsuits. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.,* 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context" (citation and internal quotations omitted)).

An initial analysis of the terms and features of the proposed class settlement of this case should give the Court confidence that it is substantively fair. The settlement provides payment of a reasonable calculation of back pay and substantial equitable relief, without the risk and delay of litigating Plaintiffs' claims against Defendants, and without having to have to move this Court to certify a class action, which could add further risk and delay.

4

Although not required at this stage of the proceedings, an initial look at some of the factors examined when courts in this circuit consider a motion for final approval of a class action settlement also supports preliminary approval. The factors are:

(1) the complexity, expense and likely duration of the litigation;

(2) the reaction of the class to the settlement;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the risks of establishing liability;

(5) the risks of establishing damages;

(6) the risks of maintaining the class action through the trial;

(7) the ability of the Defendant to withstand a greater judgment;

(8) the range of reasonableness of the settlement fund in light of the best possible recovery;

(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 462 (2d Cir. 1974).

Those factors, to the extent they can be ascertained now, favor approval of the proposed settlement. Considering the first two *Grinnell factors,* as the Court is well aware, the trial would be complex, with the Defendants likely to contest the accuracy of the Plaintiffs' damages calculations, as well as whether the proposed comparators' work is substantially similar to the work of the Plaintiffs. The expense and duration of the trial, and likely appeals, would have also been extensive. Thus, settling the case saves significant time and expense and eliminates substantial risk, all factors favoring the settlement. In addition, the third factor also favors settlement, as it takes place after the Plaintiffs' thorough examination of the Defendants' relevant data which have left the parties well aware of the issues at hand and in good position to fairly evaluate the risks of continued litigation. The fourth factor also favors settlement, as the Plaintiffs

would need to prove that a class is appropriate as to their claims against Defendants. Similarly, given these risks, the net recovery here is favorable to the class and supports approval of the settlement. Thus, the proposed settlement is well within the range of fairness required to preliminarily certify the class and send the class notice.

## B. The proposed service awards are appropriate

The proposed apportionment of the settlement also provides for the payment of additional amounts to the five named Plaintiffs in the total amount of $5,000.00, or $1,000.00 each. It is very common in class and collective cases for service or incentive payments to be paid to named Plaintiffs or class representatives in addition to their proportionate share of the recovery. Such payments compensate Plaintiffs for the additional efforts, risks, and hardships they have undertaken as class representatives on behalf of the group in filing and prosecuting the action. As such, courts regularly approve incentive payments in employment-related class actions. *See, e.g., In re Janney Montgomery Scott LLC Fin. Consultant Litigation*, 2009 WL 2137224, *12 (E.D. Pa. Jul. 16, 2009) (approving incentive payments of $20,000 each to three named Plaintiffs); *Stevens v. Safeway, Inc*., C/A No. 2:05-cv-01988-MMM-SH, pp. 18-20 (C.D. Cal. Feb. 25, 2008) (awarding incentive payments of $20,000 and $10,000 each to named Plaintiffs); *Wineland v. Casey's General Stores, Inc*., 267 F.R.D. 669 (S.D. Iowa 2009) (approving incentive payments of $10,000 per named plaintiff); and *Clark v. Ecolab, Inc*., 2010 WL 1948198 (S.D.N.Y. May 11, 2010) (approving $10,000 service awards to 7 named plaintiffs in hybrid class/collective action involving unpaid overtime).

The named Plaintiffs have devoted substantial amounts of time to this case, appearing numerous times before the Court, and always available to prepare the case and discuss the relevant documents and issues. Each of the named Plaintiffs were actively involved and significantly helpful to counsel in the prosecution of this matter.

6

## II. A SETTLEMENT CLASS SHOULD BE CERTIFIED

The benefits of the proposed Settlement can be realized only through the certification of a settlement class and federal courts throughout the U.S. have confirmed the viability of such settlement classes. *See e.g., Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997)*; In re Prudential Ins. Co. Of Am. Sales Practices Litig.,* 148 F.3d 283 (3d Cir. 1998), cert. denied, 119 S. Ct. 890 (1999) ("Prudential II"); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011 (9th Cir. 1998). Further, the use of such settlement classes, where the parties have engaged in and concluded settlement negotiations prior to class certification and notice, has been clearly approved by this Circuit, *Weinberger v. Kendrick,* 698 F.2d 61 (2d Cir. 1982), *cert denied,* 464 U.S. 818, 78 L.Ed.2d 89, 104 S.Ct. 77 (1983), so long as "district judges who decide to employ such a procedure... scrutinize the fairness of the settlement with even more than the usual care." *Id.,* at 73. *See also In re Prudential Securities Inc*., 163 F.R.D. 200, 205 (S.D.N.Y. 1995) ("tentative or temporary settlement classes are favored when there is little likelihood of abuse, and the settlement is fair and reasonable and under the scrutiny of the trial judge,") (quoting *In re Beef Indust. Antitrust Lit.* 607 F.2d 167, 174 (5th Cir. 1979), *cert denied*, 452 U.S. 905, 101 S.Ct. 3029, 69 L.Ed.2d 405 (1981)).

The parties propose the certification of the following class for settlement purposes only:

> All people employed by the City in the title of Administrative Manager, Non-Managerial at any time during the period from December 1, 2013 through April 30, 2017 in any agency, authority or other entity excluding only those Administrative Managers who worked at New York Transit Authority.

A. The Rule 23 Requirements.

"[I]t seems beyond peradventure that the Second Circuit's general preference is for granting rather than denying class certification." *Gortat v. Capala Bros., Inc.*, 2009 WL 3347091, 07-cv-3629(ILG)(SMG) (E.D.N.Y. Oct. 16, 2009) ("*Gortat II*") (quoting *Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 361-62 (E.D.N.Y. 2009) ("*Gortat I*")). Accordingly, "[t]he Second Circuit has emphasized that Rule 23 should be given liberal rather than restrictive construction" *Id.* (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)). *See also Jankowski v. Castaldi*, 2006 WL 118973, 01-cv-0164 (SJF)(KAM) at *1 (E.D.N.Y. Jan. 13, 2006) (courts considering class certification "are to adopt a standard of flexibility").

Rule 23 permits a class to be certified when it satisfies the elements of Rule 23 (a) and one of the subsections of Rule 23 (b). *See In re Initial Pub. Offerings Secs. Litig.*, 471 F.3d 24, 32 (2d Cir. 2006) ("*IPO*"). The Rule 23 (a) elements are:

(1) the class is too numerous for joinder to be practicable;

(2) the class shares at least one common question of law or fact;

(3) the named plaintiffs' claims are typical of the class; and

(4) the named plaintiffs will adequately represent the

class. *Id.*

Rule 23(b)(3), under which Plaintiffs seek certification here, requires "predominance, *i.e.*, law or fact questions common to the class predominate over questions affecting individual members, and superiority, *i.e.*, class action is superior to other methods." *IPO* at 32. All of these requirements are satisfied here.

B. The Class Satisfies Rule 23(a).

*1.    The Class is Sufficiently Numerous.*

"Courts in the Second Circuit presume numerosity when the putative class has at least forty members." *Gortat II*, 2009 WL 3347091, at \*3 (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Since the proposed class comprises more than 1,000 members, numerosity is satisfied.

*2.    Commonality is Satisfied.*

Commonality requires only one common issue of law or fact. *See In re Agent Orange Prod. Liab. Litig.,* 818 F.2d 145, 166-67 (2d Cir. 1987); *Barone v. Safway Steel Products, Inc.*, 2005 WL 2009882, 03-cv-4258 (E.D.N.Y. August 23, 2005) at \*4; *see also Haddock v. Nationwide Fin. Servs., Inc.*, 262 F.R.D. 97, 116 (D. Conn. 2009) ("Commonality is established so long as the plaintiffs can identify some unifying thread among the members' claims.") (quotation and citation omitted). Plaintiffs need not show that all class members' claims are identical. *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008). Any differences among class members, "while arguably relevant as defenses to liability, do not change the fact that [a] class action raises the same basic claim and shares common questions of law." *Mack v. Suffolk County,* 191 F.R.D. 16, 23 (D. Mass. 2000) (certifying class despite "varying defenses to liability which may be raised regarding particular individuals"). A class should be certified where the class claims arise "from a common nucleus of operative fact regardless of whether the underlying facts fluctuate over the class period and vary as to individual claimants." *Haywood v. Barnes,* 109 F.R.D. 568, 577 (E.D.N.C. 1986).

The requisite commonality is present here, in that the class members all claim that Defendants failed to pay them equally for substantially similar work in violation of the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and other related statutes. This is sufficient to

9

satisfy Rule 23(a)(2). *See Barone*, 2005 WL 2009882, at *4 (commonality satisfied where "plaintiffs allege a common wrong -- that Safway failed to pay the prevailing wages and supplemental benefits required for public works contracts"); *Haddock*, 262 F.R.D. at 117 ("If one or more Class members brought suit individually, they would raise the same legal claim, that is, that Nationwide breached its fiduciary duty [in violation of ERISA] . . . . Thus, the commonality requirement is met."); *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 334 (N.D. Ill. 2009) (commonality satisfied where one "alleged common employment practice [*i.e.*, denying overtime pay] represents a sufficient common issue of law or fact"); *see also Ramos v. SimplexGrinnell LP,* 796 F. Supp. 2d 346, 353-361 (E.D.N.Y. 2011), *vacated in part on other grounds,* 773 F.3d 394 (2d Cir. 2014) (certifying wage-related class action).

    In addition, as plaintiffs allege and the evidence shows, the Defendant' wrong arose from a common factual background—the common method of paying the class. These facts show that commonality is satisfied. *See Koss v. Wackenhut Corp.*, 2009 WL 928087, at *6, 03-cv-7679(SCR) (S.D.N.Y. Mar. 30, 2009) (where security officer potential class members did not receive a promised bonus, they "allege injury from a common policy or set of facts, [and] the commonality requirement is met;") *see also Rodriguez v. Hayes*, 591 F.3d. 1105, 1122 (9th Cir. 2010) (citing, *inter alia*, *Marisol*, 126 F.3d 372) ("[T]he commonality requirement asks us to look only for . . . a common core of salient facts.")

### 3.    *The Named Plaintiffs' Claims are Typical of the Class' Claims.*

Rule 23(a)(3) "requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Gortat II*, 2009 WL 3347091, at *6 (quoting *Marisol A.*, 126 F.3d at 376). "[T]he typicality requirement is permissive and requires only that the representative's claims are reasonably coextensive with

10

those of absent class members; they need not be substantially identical." *Rodriguez*, 591 F.3d at 1124 (internal quotation omitted) (citing, *inter alia*, *Marisol A.*, 126 F.3d at 326). *See also Bolanos v. Norwegian Cruise Lines,* 212 F.R.D. 144, 155 US.D.N.Y. 2002) ("[s]ince the claims only need to share the same essential characteristics, and need not be identical, the typicality requirement is not highly demanding.") (quotation and citation omitted).

Here, typicality is satisfied because each class member's claims arise from the same course of conduct, and each class member relies on the same legal arguments in seeking to prove Defendants' liability. *Robinson v. Metro-North Commuter R.R. Co*., 267 F.3d 147 (2d Cir. 2001). That is, the named plaintiffs' and class members' claims arise from the same core set of facts and plaintiffs and the class make the same relevant claims. For these reasons, typicality is present and the class should be certified. *See Gortat II*, 2009 WL 3347091, at *6 (finding typicality where "[n]amed plaintiffs allege that they each performed similar work for Defendant and that, like the other members of the class, they were never compensated for all the hours they worked as a result of Defendant' common scheme to deprive employees of pay for all hours worked") (quotation omitted).

4. *The Class is Adequately Represented.*

Adequacy under Rule 23(a)(4) "typically entails inquiry as to whether: (1) plaintiff's interests are antagonistic to the interest of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (quotation and citation omitted). *See also Damassia.*, 250 F.R.D. at 158 (applying same inquiry in wage-and-hour context); Fed. R. Civ. P. 23(g) (considering lawyers' qualifications in appointing class counsel).

Here, plaintiffs' interests are not antagonistic to the class. Plaintiffs and the class all allege the same wrongs and seek the same relief. *See Barone*, 2005 WL 2009882, at *5 (plaintiffs

11

were adequate where they "seek the same relief as the rest of the class") (citing *Marisol A.*, 126 F.3d at 378); *see also Koss*, 2009 WL 928087, at \*8 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997)). Further, nothing suggests any conflicts between plaintiffs and the class, or that plaintiffs will not adequately and aggressively represent the class.

In addition, when commonality and typicality are both satisfied, adequacy is often satisfied as well. *See Damassia*, 250 F.R.D. at 158 ("[t]he fact that plaintiffs' claims are typical of the class is strong evidence that their interests are not antagonistic to those of the class"); *see also Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 204 (S.D.N.Y. 2006); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 87 (S.D.N.Y. 2001). Finally, plaintiffs' counsel are qualified, experienced and able to conduct this litigation. Therefore, adequacy is present, and the class should be certified.

C.     The Class Satisfies Rule 23(b)(3).

Certification is appropriate under Rule 23(b)(3) because (1) "questions of law or fact common to class members predominate" over questions affecting only individual class members and (2) "a class action is superior to other available methods for fairly and efficiently adjudicating [this] controversy." Fed. R. Civ. P. 23(b)(3).

1.     *Common Questions Predominate.*

Predominance is satisfied when "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." *In re Visa Check / MasterMoney Antitrust Litig.*, 280 F.3d 126, 136 (2d Cir. 2001) (quotation, citation and alteration omitted); *Gortat II*, 2009 WL 3347091, at \*7 (same). "When determining whether common questions predominate courts focus on the liability issue[,] and if the liability issue is common to the class, common questions are held to predominate[.]" *Bolanos*, 212 F.R.D. at 157-58 (quotation, citation and alteration omitted).

Issues "predominate" when they are fundamental to the claim. *See Koss*, 2009 WL 928087, at *11 ("While some degree of individualized analysis will be necessary . . . the fundamental factual issue -- whether [bonuses should have been] paid . . . -- is subject to generalized proof" therefore predominance was satisfied). In wage cases such as this, the fundamental issues are whether the employer paid its employees properly, therefore predominance generally is found. *See id.*; *Pesantez v. Boyle Environmental Services, Inc.*, 673 N.Y.S.2d 659, 660 (N.Y. App. Div. 1st 1998) ("the nature of the claims [for failure to pay] is such as to indicate a predominance of common issues of law and fact"); *see also Noble v. 93 University Place Corp.*, 224 F.R.D. 330, 345 (S.D.N.Y. 2004) (where "the gravamen of [plaintiffs']claim is that Defendant . . . deprived employees of . . . pay[,] [a]lthough [some] determinations . . . will require individualized findings, common liability issues otherwise predominate").

As with commonality, predominance will not be defeated by such factual variations as job titles, hours, and locations of work. *See Gortat II*, 2009 WL 3347091, at *7, *citing Gortat I*, 257 F.R.D. at 362 (finding Defendant's arguments regarding these types of "distinctions" "not persuasive"); *see also Gonzalez v. Zito Racing Stable Inc.*, 2008 WL 941643, 04-cv-22 (SLT)(AKT) at *7 (E.D.N.Y. Mar. 31, 2008) ("some factual variation among the circumstances of the class members is inevitable and does not defeat the predominance requirement").

Individualized defenses also will not defeat predominance. *Visa Check*, 280 F.3d at 139 ("the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones") (quotation and citation omitted); *Mendez v. Radec Corp.*, 232 F.R.D. 78, 92 (W.D.N.Y. 2005) ("*Mendez I*"); *Jankowski*, 2006 WL 118973, at *4. Nor will differences in damages. *See Barone*, 2005 WL 2009882, at *5.

As previously shown, numerous common questions of law and fact exist here and the issue of damages is common to the class. Under these circumstances, predominance is satisfied.

*Mendez I*, 232 F.R.D. at 93 (where plaintiffs challenge "policies, which allegedly have been applied in a more or less uniform fashion to [all] employees[,] . . . [common issues] 'predominate over those issues that are subject only to individualized proof'") (quoting *Visa Check*, 280 F.3d at 136).

### 2.    *A Class Action is the Superior Method for Resolving This Dispute.*

Since the most important questions of law and fact are common to the class, Rule 23(b)(3) is satisfied because a class action is the superior method for resolving plaintiffs' and the class' claims.  Class members have little interest "in individually controlling . . . separate actions." Fed. Rule Civ. Proc. 23 (b)(3)(A). Individual class members are relying on membership in the class to vindicate their rights and the majority of proposed class members would not have the means to initiate individual actions.. Further, "concentrating the litigation in [this] forum simplifies and streamlines the litigation process." *See id.* (finding superiority on this ground); *see also Barone*, 2005 WL 2009882, at *3 (certifying class to "save [] considerable time and expense"). Deciding all class members' claims in this Court "would eliminate the risk that [common] questions . . . will be decided differently in [different] lawsuit[s]." *See Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, *16 (S.D.N.Y. 2006).

Finally, a class action is superior because it would be manageable. *See* Fed. R. Civ. P. 23(b)(3)(D). As demonstrated *supra*, the many common questions in this case predominate over any individual questions. *See In re Nassau County Strip Search Cases*, 461 F.3d 219, 230 (2d Cir. 2006) ("we perceive little difficulty in managing a class action of liability, especially since . . . any individualized inquiries will be few and far between"). To the extent that individual issues exist, "most of [them] can be resolved by [] documentary evidence[,]" *See Pesantez*, 673 N.Y.2d at 661; *see also Haddock*, 262 F.R.D. at 128-29.  For all of these reasons, a class action is the superior method for adjudicating this case and the settlement class should be certified.

14

## III. THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED

Rule 23(e) provides that "notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." The *Manual for Complex Litigation, Fourth* § 21.633 recommends that: "[o]nce the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness hearing is given to the class members." Again, "'[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.'" *Nieves v. Cmty. Choice Health Plan of Westchester, Inc.*, No. 08 CV 321, 2012 U.S. Dist. LEXIS 37720, at \*12 (S.D.N.Y. Feb. 24, 2012) (citation omitted).

Here, the terms of the settlement and benefits offered by it will be communicated effectively to the class. The Class Notice will be mailed to all of the Settlement Class members and the Notice will provide recipients with the phone number, email address, and website of the Claims Administrator to direct inquiries about the Settlement. This procedure provides Constitutionally adequate notice to the absent class members. "It is well-settled that in the usual situation first class mail and publication fully satisfy the notice requirements of Fed. R. Civ. P. 23 and the due process clause." *Zimmer Paper Products Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3d Cir. 1985); *see also Cayuga Indian Nation v. Carey*, 89 F.R.D. 627, 633 (N.D.N.Y. 1981) ("[I]ndividual notice by first class mail, coupled with notice by publication satisfies the requirements of due process and Rule 23.") In this case, since the mailing addresses of each class member is available from their employment records, and the Claims Administrator will follow up

15

and investigate to find current addresses for any class notice that is returned, publication will not be necessary.

In addition, the contents of the proposed notice are adequate. "[T]he settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.' Notice is 'adequate if it may be understood by the average class member.'" *Wal-Mart Stores,* 396 F.3d at 114.  Here, each section of the Notice is preceded by a heading which clearly indicates the section topic and why the Settlement Class member should read it. The Notice strikes the appropriate balance between thoroughness and clarity by including brief, simple, and accurate descriptions of all of the following: (1) what the lawsuit is about; (2) the basic terms of the settlement and release of Defendants; (3) the definition of the Settlement Class; (4) the identity of Plaintiffs' counsel; (5) the res judicata effect of the settlement and final judgment on Settlement Class members; (6) the options available to Settlement Class members, including objecting to the Settlement; (7) the procedures for exercising the various options, including the time deadlines and method of appearing; (8) the date, time, location, and purpose of the final fairness hearing; and (9) how to get additional information.

The Parties' Stipulation of Settlement and proposed Notice set forth a proposed timetable that would allow a Fairness Hearing to be conducted after the 45-day notice period.  Notice would be sent to Settlement Class members within 10 days after the date of preliminary approval, and Class Members would have 45 days after mailing to object to the settlement, state their intention to appear and be heard at the Fairness Hearing, or to sign and return the release, affidavit concerning liens, and W-9 form.

The Court should therefore approve the proposed Notice and the plan for its distribution.

### IV. A FINAL FAIRNESS HEARING SHOULD BE SCHEDULED.

A fairness hearing will enable the Court to obtain the required information to determine that class certification is proper and the settlement should be approved. *See Manual for Complex Litigation, Fourth* §21.633 (2011). The fairness hearing will provide a forum for proponents and opponents to explain, describe, or challenge the terms and conditions of the class certification and settlement, including the fairness, adequacy, and reasonableness of the settlement. Since the Stipulation of Settlement provides for a 45-day notice period, the parties hereby request that the Court schedule the fairness hearing for on or after 60 days after the decision on this motion to allow time for the final preparation and mailing of the class notices.

## CONCLUSION

For the foregoing reasons, Parties jointly and respectfully request that this Court enter an Order: (1) granting preliminary approval of the Stipulation Of Class Action Settlement And Proposed Preliminary Order Of Approval entered into between parties; (2) certifying the settlement class pursuant to the provisions of Fed. R. Civ. P. 23(b)(3); (3) authorizing the mailing of the proposed Notice Documents; (4) setting a date for a Fairness Hearing of the class action settlement, (5) entering the proposed Order for Preliminary Approval filed contemporaneously herewith.

Dated: New York, N.Y.
    April 1, 2019

/s/ Yetta G. Kurland
Yetta G. Kurland
The Kurland Group
85 Broad Street, 28th Floor
New York, N.Y. 10004
Telephone: (212) 253-6911
kurland@kurlandgroup.com
*Attorneys for Plaintiffs*

17