UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LOCAL 1180, COMMUNICATIONS WORKERS  :
OF AMERICA, AFL-CIO, Individually and on :
behalf of its members, LOURDES ACEVEDO, :
LYNETTE ANDREW, NATHIA BELTRAN, :
ADRIENNE REED, and ROSE REEVES, on behalf :
of themselves and on behalf of all other similarly- :
situated individuals, :
                                                                             Plaintiffs, :
   -against- : 17-cv-3048 (SDA)

CITY OF NEW YORK; and NEW YORK CITY :
DEPARTMENT OF ADMINISTRATIVE :
SERVICES, :
                                                            Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OF LAW IN SUPPORT OF CLASS COUNSEL'S MOTION FOR APPROVAL OF ATTORNEYS' FEES

THE KURLAND GROUP
*Attorneys for Plaintiffs*
85 Broad Street, 28th Floor
New York, New York 10004
(212) 253-6911

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

ARGUMENT .................................................................................................................................. 3

    A.   The Requested Legal Fees and Costs Are Reasonable ........................................................ 4

        1.   The Time and Labor Expended by Counsel................................................................. 7

        2.   The Magnitude and Complexities of the Litigation ...................................................... 8

        3.   The Risk of the Litigation ............................................................................................ 8

        4.   The Quality of Representation ..................................................................................... 9

        5.   The Requested Percentage of the Settlement Fund is Fair and Reasonable, and is also Commensurate with Other Settlements ................................................................... 10

    B.   The Requested Service Awards Are Reasonable............................................................. 13

CONCLUSION........................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*City of Detroit v. Grinnell Corp.*,
    356 F. Supp. 1380 (S.D.N.Y. 1972). ............................................................................... 10

*City of Detroit v. Grinnell Corp.*,
    495 F.2d 448 (2d Cir. 1974). .......................................................................................... 10

*City of Providence v. Aeropostale, Inc.*,
    No. 11 Civ. 7132 (CM)(GWG), 2014 WL 1883494 (S.D.N.Y. May 9, 2014) ................... 7

*Fogarazzo v. Lehman Bros. Inc.*,
    No. 03 Civ. 5194 (SAS), 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) .............................. 7

*Goldberger v. Integrated Res., Inc.*,
    209 F.3d 43 (2d Cir. 2000). ................................................................................. 8, 11, 12

*Guallpa v. N.Y. Pro Signs Inc.*,
    No. 11 Civ. 3133 (LGS)(FM), 2014 WL 2200393 (S.D.N.Y. May 27, 2014). ............. 7, 12

*Guallpa v. NY Pro Signs Inc.*,
    No. 11 Civ. 03133 (LGS), 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014). ................... 7, 12

*In re APAC Teleservices., Inc. Sec. Litig.*,
    No. 97 Civ. 9145 (BSJ), 1999 WL 1052004 (S.D.N.Y. June 29, 2001). ........................... 7

*In re Beacon Assocs. Litig.*,
    2013 WL 2450960 (S.D.N.Y. May 9, 2013). ................................................................... 7

*In re BioScrip, Inc. Sec. Litig.*,
    273 F. Supp. 3d 474 (S.D.N.Y. 2017) .............................................................................. 6

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
    2010 WL 4537550 (S.D.N.Y. Nov. 8, 2010). ................................................................. 12

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
    279 F.R.D. 151, 165 (S.D.N.Y. 2001). ............................................................................. 7

*In re Global Crossing Sec. & ERISA Litig,*
    225 F.R.D. 436 (S.D.N.Y. 2004). ................................................................................... 12

*In re Hi-Crush Partners L.P. Securities Litigation*,
    2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014). ........................................................... 7, 11

*In re Indep. Energy Holdings PLC Sec. Litig.*,
    302 F.Supp.2d 180 (S.D.N.Y. 2003) .............................................................................. 12

*In re Janney Montgomery Scott LLC Fin. Consultant Litigation*,
    2009 WL 2137224 (E.D. Pa. Jul. 16, 2009) ................................................................................. 13

*In Re NASDAQ Market-Makers Antitrust Litig.*,
    187 F.R.D. 465, 489 (S.D.N.Y. 1998). ...................................................................................... 12

*In re Van Der Moolen Holding N.V. Sec. Litig,*
    No. 03 Civ. 8284 (S.D.N.Y. Dec. 7, 2006). ................................................................................ 7

*In re Veeco Instruments Inc.,*
    2007 WL 4115808 (S.D.N.Y. Nov. 7, 2007). ............................................................................ 12

*Khait v. Whirlpool Corp.,*
    No. 06 Civ. 6381 (ALC), 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010). ................................... 7

*Malchman v. Davis*,
    761 F.2d 893 (2d Cir. 1985). ....................................................................................................... 5

*Maley v. Del Global Technologies Corp.,*
    186 F. Supp.2d 358 (S.D.N.Y. 2002) ......................................................................... 6, 7, 10, 11, 12

*McKenzie Construction Inc. v. Maynard,*
    758 F.2d 97, 101-2 (3d Cir. 1985). ............................................................................................. 6

*Melito v. Am. Eagle Outfitters, Inc*.,
    No. 14-CV-2440 (VEC), 2017 WL 3995619 (S.D.N.Y. Sept. 11, 2017). ............................... 11

*Mentor v. Imperial Parking Sys., Inc.,*
    05 Civ. 7993, 2010 WL 5129068 (S.D.N.Y. Dec. 15, 2012) .................................................... 13

*Moloney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,*
    No. 06 Civ. 4270 (PAC), 2009 WL 5851465 (S.D.N.Y. Mar. 31, 2009) ................................... 7

*Newman v. Caribiner Int'l Inc.,*
    No. 99 Civ. 2271 (S.D.N.Y. Oct. 19, 2001). .............................................................................. 7

*Ramos v. SimplexGrinnell LP,*
    796 F. Supp. 2d 346 (E.D.N.Y. 2011). ....................................................................................... 9

*Roberts v. Texaco, Inc.*,
    979 F.Supp 185 (S.D.N.Y. 1997). ............................................................................................ 13

*Rozell v. Ross-Holst*,
    576 F. Supp. 2d 527 (S.D.N.Y. 2008) .................................................................................. 7, 12

*Sewell v. Bovis Lend Lease, Inc*.,
    No. 09 Civ. 6548 (RLE), 2012 WL 1320124 (S.D.N.Y. Apr. 16, 2012) .................................. 12

*Torres v. Gristede's Operating Corp.*,
    04 Civ. 3316 (PAC) (S.D.N.Y. 2012) .................................................................................. 7, 12

*Walmart Stores v. Visa U.S.A.,*
    396 F.3d 96 (2d Cir. 2005). ................................................................................................. 6, 12

*Willix v. Healthfirst, Inc.,*
    07 Civ. 2011, WL 754862 (E.D.N.Y. Feb. 18, 2011). ......................................................... 13

**PRELIMINARY STATEMENT**

On April 12, 2019, this Court preliminarily approved the class action settlement pursuant to the parties' Stipulation of Class Action Settlement ("Stipulation of Settlement"), which included an agreement that Defendants shall pay directly, separate from the settlement awards, the sum of three hundred thousand dollars and no cents ($300,000) to Class Counsel towards legal fees and costs incurred by the Union, CWA 1180, in pursuit of its claims filed at the Equal Employment Opportunity Commission. The Stipulation of Settlement further provided that Class Counsel shall file an application to recover legal fees and costs for work done on behalf of the Settlement Class in this action in the amount not more than twenty-five percent (25%) of the Back Pay portion of the settlement award. Defendants further agreed not to oppose or take any position on this fee application and also expressly represent that these fees are fair and reasonable. *See* **Exhibit 6**, Parties' Stipulation of Settlement. On April 29, 2019, the Preliminary Approval Order (Dkt. No. 112) was amended to require that Notices be disseminated no later than fourteen (14) days from that date and to finalize the Notice Documents and Appendix G. The Court also directed Class Counsel to file their attorneys' fees application, pursuant to the parties' Stipulation of Settlement, no later than June 28, 2019. Counsel accordingly makes this unopposed motion for approval of attorneys' fees and costs in the amount of a) three hundred thousand and no cents ($300,000) payable by Defendants, separate from the settlement award, for work done in pursuit of the EEOC filing, and b) one million, four hundred and eight thousand, nine hundred and twenty one dollars, and no cents ($1,408,921.00), constituting twenty-five percent (25%) of the Back Pay for work done subsequent to and on behalf of the Settlement Class Members for representation in this litigation.

## **FACTUAL AND PROCEDURAL BACKGROUND**

As previously set forth in Plaintiffs' preliminary approval motion brief (Dkt No. 102), The Union, CWA Local 1180 filed a complaint with the Equal Employment Opportunity Commission ("EEOC") in December of 2013 and received a determination of finding a reasonable cause on April 1, 2015. Thereafter, Plaintiffs initiated this action on December 14, 2016, alleging that Defendants violated the Equal Pay Act of 1963, Title VII of the Civil Rights Act of 1964, the New York State Equal Pay Law, the New York State Human Rights Law, the New York City Human Rights Law, 42 U.S.C. § 1981, and 42 U.S.C. § 1983 by engaging in disparate pay practices based on race and gender with regards to Administrative Managers Non-Managerial working for the City of New York.

After numerous years of litigation, which included substantial settlement effort through Court ordered mediation, the parties reached an agreement to settle this case on behalf of the Settlement Class Members, which include all Administrative Managers Non-Managerial exclusive of those working in the New York City Transit Authority. This settlement includes, *inter alia*, an establishment of levels and pay increases for Settlement Class Members; a per annum training fund payment of $100 per full-time employee; Retroactive Payment accruing from October of 2018 which, upon information and belief, is estimated at approximately four million dollars ($4,000,000); payment of an annuity fund contribution in the amount of five million, five hundred and forty-four thousand, four hundred dollars, and no cents ($5,544,400); and Back Pay in the amount of five million, six hundred and thirty five thousand, six hundred and eighty four dollars, and no cents ($5,635,684) for the period from December 1, 2013 through April 30, 2017. These monies are to be distributed to each class member in proportion to their respective damages, less twenty-five percent (25%) of the Back Pay award for attorneys' fees and costs, $1,000.00 incentive

awards for each of the five (5) named Plaintiffs and any appropriating tax withholdings pursuant to the terms of the Stipulation of Settlement. (*See* **Exhibit 6**, the parties' executed Stipulation of Class Action Settlement and Proposed Preliminary Order of Approval ("Stipulation of Settlement")).

## ARGUMENT

For the reasons set forth herein, and as agreed upon by the Parties in the Stipulation of Settlement, class counsel hereby requests approval of the following:

(1) Payment of three hundred thousand dollars ($300,000.00) directly by Defendants and separate from the settlement awards, for work in pursuit of the claims filed at the Equal Employment Opportunity Commission (*see* **Exhibits 1-2**, which contain an itemized daily description of the work performed and a summary of the names and biographical information for the attorneys who worked on the matter, their hourly rates, and the number of hours each attorney worked in pursuit of Plaintiffs' claims filed at the Equal Employment Opportunity Commission);

(2) Payment of attorneys' fees and costs for work done on behalf of the Settlement Class in this action in the amount of one million, four hundred eight thousand, nine hundred twenty one dollars and no cents ($1,408,921.00) (*see* **Exhibits 3-4**, which contain an itemized daily description of the work performed by Class Counsel and a summary of the names and biographical information for the attorneys who worked on this matter, their hourly rates, and the number of hours each attorney worked on behalf of the Settlement Class for representation in this litigation); and

(3) Payment of service awards to each of the five named class representatives, as follows:
   a) One thousand dollars ($1,000) made payable to Lourdes Acevedo

   b) One thousand dollars ($1,000) made payable to Lynette Andrews

   c) One thousand dollars ($1,000) made payable to Nathia Beltran

   d) One thousand dollars ($1,000) made payable to Adrienne Reed

   e) One thousand dollars ($1,000) made payable to Rose Reeves

**A. <u>The Requested Legal Fees and Costs Are Reasonable</u>**

  Agreements to a set amount of fees between parties is commonplace and frequently approved. *Malchman v. Davis*, 761 F.2d 893, 905 (2d Cir. 1985). The Court, at this juncture, must ascertain if the agreed to fees are fair and reasonable to compensate class counsel. In the instant matter, Class Counsel's legal fees application is reasonable based on multiple factors.

  First, judicial economy and efficiency is fostered by reasonable settlements, and a "prompt and efficient attorney who achieves a fair settlement without extensive litigation serves both his client and the interests of justice." *McKenzie Construction Inc. v. Maynard,* 758 F.2d 97, 101-2 (3d Cir. 1985). "In the context of a complex class action, early settlement has far reaching benefits in the judicial system." *Maley v. Del Global Technologies Corp.,* 186 F. Supp.2d 358, 373 (S.D.N.Y. 2002).

  Where class counsel creates a settlement fund, courts use either the 'lodestar' method' or the 'percentage of the fund' method," *Walmart Stores v. Visa U.S.A., Inc.,* 396 F.3d 96, 121 (2d Cir. 2005), although "[t]he trend in this Circuit is toward the percentage method, which "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation," *id.,* 396 F.3d at 121. In the instant matter, either analysis would provide a sufficient basis for the Court to determine the fees agreed to here are fair and reasonable.

As to the payment of three hundred thousand dollars and no cents ($300,000) for work done in pursuit of the EEOC claims, this amount is approximately one third of the total fees and costs incurred for this representation which totals eight hundred and eighty four thousand and nine dollars and thirty one cents ($884,009.31).  As to the payment of twenty five percent (25%) of the Back Pay, this percentage applied only to one portion of the settlement awards and is well within and even lower than reasonable and customary percentages for legal fees.  Furthermore, the amount requested of one million, four hundred eight thousand, nine hundred twenty one dollars ($1,408,921.00) is far less than the total fees and costs incurred for this representation which total two million, four hundred and forty-eight thousand, three hundred and thirty-five dollars and seventy-two cents ($2,448,335.72).

As to a recovery of Class Counsel fees for litigation on behalf of the Settlement Class Members, the percentage method is a beneficial approach as it aligns counsel's incentives with that of the class and encourages early settlements. *Id; see also In re BioScrip, Inc. Sec. Litig.,* 273 F. Supp. 3d 474, 486 (S.D.N.Y. 2017) ("the percentage method to calculate a fee award from a common fund can serve as a benefit to the class in two ways: first, by aligning counsel's incentives with the class at the time the settlement is negotiated . . . and second, by counteracting any incentive counsel might have to eschew early settlement so as to increase their lodestar over the course of protracted litigation").

The Court in *In re Hi-Crush Partners L.P. Securities Litigation*, 2014 WL 7323417, at *12 (S.D.N.Y. Dec. 19, 2014), surveyed the results in numerous settlements in this Circuit obtaining judicial approval, and confirmed the appropriateness of up to thirty-three and one third percent (33 1/3%) fee award in a settlement fund class action settlement:

> In this Circuit, courts routinely award attorneys' fees that run to 30% and even a little more of the amount of the common fund. *In re*

5

*Beacon Assocs. Litig.,* 2013 WL 2450960, at *5 (S.D.N.Y. May 9, 2013). Courts in this District have approved percentage-based fee awards comparable to the amount requested here. *See City of Providence v. Aeropostale, Inc.*, No. 11 Civ. 7132 (CM)(GWG), 2014 WL 1883494, at *20 (S.D.N.Y. May 9, 2014) (awarding 33% of $15 million settlement); *Fogarazzo v. Lehman Bros. Inc.,* No. 03 Civ. 5194 (SAS), 2011 WL 671745, at *4 (S.D.N.Y. Feb. 23, 2011) (awarding 33.3% of $6.75 million settlement); *In re Giant Interactive Grp., Inc. Sec. Litig.,* 279 F.R.D. 151, 165 (S.D.N.Y. 2001) (awarding 33% of $13 million settlement); *In re Van Der Moolen Holding N.V. Sec. Litig,* No. 03 Civ. 8284, slip. op. at 2 (S.D.N.Y. Dec. 7, 2006) (awarding 33 1/3% of $8 million settlement) (ECF No. 45) (Ex. 11); *Maley,* 186 F.Supp.2d at 367–68 (awarding 33 1/3% of $11.5 million settlement and citing two cases which awarded 33 1/3% of the settlement amount: *In re APAC Teleservices., Inc. Sec. Litig.,* No. 97 Civ. 9145 (BSJ), 1999 WL 1052004 (S.D.N.Y. June 29, 2001) (awarding 33 1/3% of $21 million settlement); and *Newman v. Caribiner Int'l Inc.,* No. 99 Civ. 2271 (S.D.N.Y. Oct. 19, 2001) (Docket # 31), awarding 33 1/3 of $15 million settlement); *see also Moloney v. Shelly's Prime Steak, Stone Crab & Oyster Bar,* No. 06 Civ. 4270 (PAC), 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (collecting cases awarding over 30% and noting that "Class Counsel's request for 33% of the Settlement Fund is typical in class action settlements in the Second Circuit."); *Khait v. Whirlpool Corp.,* No. 06 Civ. 6381 (ALC), 2010 WL 2025106, at *8 (E.D.N.Y. Jan. 20, 2010) (awarding 33% of $9.25 million settlement).

This further supports the fairness and reasonableness of the proposed attorneys fee here, which is only twenty five percent (25%) of the settlement fund, considerably less than the amount awarded in the cases identified above.

In determining the reasonableness of a requested class action fee, courts consider the factors identified in *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Those factors are:

(1) the time and labor expended by counsel;
(2) the magnitude and complexities of the litigation;
(3) the risk of the litigation;
(4) the quality of representation;
(5) the requested fee in relation to the settlement; and
(6) public policy considerations.

*Id.,* 209 F.3d at 50. Class counsel respectfully suggests that these "*Goldberger* factors" support the reasonableness of their fee application.

### 1. *The Time and Labor Expended by Counsel*

The amount of time and labor spent by Counsel further confirms that the instant legal fees application is fair and reasonable. Counsel spent 1897.70 hours of attorney time litigating the EEOC matter, totaling fees in the amount of $879,334.00 (**Exhibits 1-2**) and an additional 4153.20 hours of attorney time litigating the Class Action, totaling fees in the amount of $2,441,059 (**Exhibit 3-4**). Class Counsel's hourly rates are reasonable given the timekeepers' respective experience. *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133 (LGS)(FM), 2014 WL 2200393, at *1 (S.D.N.Y. May 27, 2014), *report and recommendation adopted sub nom. Guallpa v. NY Pro Signs Inc.*, No. 11 Civ. 03133 (LGS), 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (attorneys with 8 years of experience were paid $500 per hour in 2014); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (partners were paid $600 in 2008 for non-class action straightforward employment discrimination matter); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316 (PAC) (S.D.N.Y. 2012) (partners were paid $650 for simple wage and hour claims).

Counsel met with the multiple class representatives, engaged in extensive legal research and briefing regarding the basis and background of these claims, interviewed numerous witnesses and putative class members, devised and initiated a legal strategy for the class action, defended Defendants' motion to dismiss certain claims, and worked with an expert witness and Defendants' counsel to formulate a damages calculation based on the statistical regression analysis of payroll records. Class Counsel also engaged in extensive settlement efforts and will also continue to communicate with class members concerning the finalization of settlement as well as prepare for

and attend the upcoming fairness hearing and other related matters to finalize settlement. Thus, the time and effort expended by the Kurland Group is considerable.

### 2. *The Magnitude and Complexities of the Litigation*

Next, the magnitude and complexity of this litigation support Class Counsel's fee application. The EEOC matter proceeded for approximately one and a half years, was brought on behalf of hundreds of Administrative Managers Non-Managerial by the Union, CWA Local 1180 and required a complex analysis of claims across agencies and over an extended period of time. The class action litigation has been ongoing for an additional 2.5 years. The Settlement Class Members consist of over two thousand members and also span over fifty agencies, with claims over an extended period of time. During this litigation complex issues of joint employment, standing, civil service law, and damages have presented not to mention employment law issues and issues of class certification. This case has already proven to be substantially complex, and would only be more so if it proceeded to trial. *See Ramos v. SimplexGrinnell LP,* 796 F. Supp. 2d 346, 362 (E.D.N.Y. 2011), vacated in part, 773 F.3d 394 (2d Cir. 2014).

### 3. *The Risk of the Litigation*

At the time this action started, class counsel took considerable risk in prosecuting this as a class action. Although Plaintiffs could have brought individual claims in Court, they chose to bring a class case to make a larger impact. In complex litigation such as this. Plaintiffs could have gotten an unfavorable determination at the EEOC, lost this case at trial, and/or been unable to certify the class, having expended substantial resources.

As noted by the Southern District of New York in a recent class action settlement:

8

> Plaintiffs' Class Counsel ha[s]…made a significant time commitment and incurred significant expenses to bring this matter to a successful conclusion for the benefit of the Class. Any fee award or expense reimbursement to Plaintiffs' Class Counsel has always been contingent on the result achieved and on this Court's exercise of its discretion in making any award. Class Counsel undertook a substantial risk…for which they should be adequately compensated.

*Maley*, 186 F. Supp.2d at 372 (quotations omitted). *See also, City of Detroit v. Grinnell Corp.,* 356 F. Supp. 1380 (S.D.N.Y. 1972), *aff'd in part and rev'd in part on other grounds,* 495 F.2d 448 (2d Cir. 1974) ("No one expects a lawyer whose compensation is contingent upon his success to charge, when successful, as little as he would charge a client who in advance has agreed to pay for his services, regardless of success"). In short, Class Counsel maintains that the risks associated with difficult employment litigation supports this request for attorneys' fees, as agreed to by Defendants in the Stipulation of Settlement.

### 4. *The Quality of Representation*

Class Counsel respectfully submits that the quality of the representation of the Class supports the reasonableness of the request for the fee award, as well. This is the most important *Goldberger* factor. "The critical element in determining the appropriate fee to be awarded class counsel out of a common fund is the result obtained for the Class through the efforts of such counsel." *Maley,* 186 F. Supp.2d at 374. Here, the monetary results achieved for the class are substantial and fair, and not only provide back pay for the Class Members but also increased wages, annuity payments, and a wide range of equitable relief.  Furthermore as to the EEOC portion of the fees, counsel was successful in getting a favorable decision.

In addition, Representative Plaintiffs have not only reviewed the billing, rates and fees and approved such fees but have also represented that they are satisfied with the quality of

representation by Class Counsel. *See* **Exhibit 5**, Affidavits of the Plaintiffs in this matter confirming that they have reviewed Class Counsel's billing records and that the legal fees and costs requested in the instant motion are fair and reasonable.

Further proof that the monetary aspect of the settlement met expectations of the class is the fact that only 15 class members have opted out so far[1] and only one has objected to the settlement, out of 2,031 Settlement Class Members. The court approved notice was distributed to all class members and it explained, as part of the settlement agreement, that class counsel would seek attorneys' fees and costs and explained how those fees would be calculated. *Id.* It further provided class members with the opportunity to object to the settlement, including the request for fees and costs, and no class member has objected to the attorneys' fees and costs. *Id.* "As was true with the underlying settlement, this overwhelmingly positive response by the Class attests to the approval of the Class with respect to the Settlement and the fee and expense application." *Maley,* 186 F. Supp.2d at 374.

5. *The Requested Percentage of the Settlement Fund is Fair and Reasonable, and is also Commensurate with Other Settlements*

Lastly, the percentage of the Back Pay award sought and the collective lodestar of Class Counsel further confirm that the Court may determine that the legal fees requested are fair and reasonable. *Wal-Mart Stores*, 396 F.3d at 123, n. 27. Here, the requested fee is twenty-five percent (25%), significantly less than the thirty-three and one-third percent (33 1/3%) that is commonly awarded. *See In Re Hi Crush*, *supra; see also Melito v. Am. Eagle Outfitters, Inc.*, No. 14-CV-

---

[1] The postmark deadline to opt out or object is not over and does not end until July 5, 2019. Further, the one objection received was not related to legal fees.

2440 (VEC), 2017 WL 3995619, at *20 (S.D.N.Y. Sept. 11, 2017) (approving fees of 2.1 times the "somewhat inflated" lodestar, or 30% of the settlement fund).

In addition, the lodestar "Cross-Check" confirms the reasonableness of the requested fee. The Second Circuit permits courts to utilize a lodestar "cross-check" to further test the reasonableness of a percentage-based fee. *See Goldberger,* 209 F.3d at 50. The "lodestar" is calculated by multiplying the number of hours expended on the litigation by each particular attorney or paraprofessional by their current hourly rate, and totaling the amounts for all timekeepers. *Hi-Crush Partners,* 2014 WL 7323417, at *18. Additionally, "[u]nder the lodestar method of fee computation, a multiplier is typically applied to the lodestar." *In re Global Crossing Sec. & ERISA Litig,* 225 F.R.D. 436, 468 (S.D.N.Y.2004). "The multiplier represents the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors." *Id.* (citing *Goldberger,* 209 F.3d at 47); *see also In re Flag Telecom Holdings, Ltd. Sec. Litig.,* 2010 WL 4537550, at *27 (S.D.N.Y. Nov. 8, 2010). "Where the lodestar is 'used as a mere crosscheck, the hours documented by counsel need not be exhaustively scrutinized by the district court.'" *In re Veeco Instruments Inc.,* 2007 WL 4115808, at *8 (S.D.N.Y. Nov. 7, 2007) (quoting *Goldberger,* 209 F.3d at 50).

As set forth in **Exhibits 3-4** to the accompanying declaration of Erica T. Healey-Kagan, Plaintiffs' counsel has expended 4153.20 attorney hours in pursuit of this class action, for a total lodestar of $2,441,059.75. The requested fee of $1,408,921.00 is therefore well within the range of reasonableness when compared with other awards. *See Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548 (RLE), 2012 WL 1320124, at *13 (S.D.N.Y. Apr. 16, 2012). ("Courts commonly award lodestar multipliers between two and six"); *Wal-Mart*, *supra* (multiplier of 3.5 approved on appeal); *Maley*, 186 F. Supp. at 371 (approving a "modest" multiplier of 4.65 as fair and

reasonable); *In Re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (court awarded multiplier of 3.97, noting that "[i]n recent years multipliers of between 3 and 4.5 have become common"). Since the requested fee from the settlement fund of $1,408,921.00 is significantly less than the lodestar amount, it is extremely fair and reasonable. Furthermore, as noted above, Class Counsel's hourly rates are also reasonable given the timekeepers' respective experience. *See Guallpa,* 2014 WL 2200393, at *1; *Rozell*, 576 F. Supp. 2d at 546; *Torres*, 04 Civ. 3316 (PAC).

Class Counsel is also entitled to reimbursement of their litigation expenses. Counsel expended $7,275.97 litigating this case. (**Exhibit 3**). All of these expenses were incidental and necessary to the representation of the class. Courts typically allow class counsel to recover their reasonable out-of-pocket expenses. *In re Indep. Energy Holdings PLC Sec. Litig.,* 302 F.Supp.2d 180, 183 n.3 (S.D.N.Y. 2003). However, as an additional courtesy, Class Counsel is waiving additional recoveries of costs and capping the total amount awarded from Back Pay at twenty-five percent (25%) inclusive of costs.

Based on the above, counsel respectfully represents to the Court that the counsel fee requested is reasonable in light of the extensive time and labor expended, the magnitude of the litigation, the risks taken in the litigation, the monetary results achieved for the class, and the amount of the fee in proportion to the monetary settlement and other benefits achieved. As such, Class Counsel respectfully requests that the Court approve the requested fee and reimbursement of the litigation expenses as fair and reasonable.

**B.  The Requested Service Awards Are Reasonable**

Courts routinely approve service awards (sometimes called "incentive awards") in employment-related class action cases. It is very common in class and collective cases for service or incentive payments to be paid to named Plaintiffs or class representatives in addition to their proportionate share of the recovery. Such payments compensate Plaintiffs for their additional efforts, risks, and hardships they have undertaken as class representatives on behalf of the group in filing and prosecuting the action. Courts have even approved substantial incentive payments in employment-related class actions. *See, e.g., Willix v. Healthfirst, Inc.,* 07 Civ. 2011, WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (service awards of $30,000, $15,000 and $7,500 found reasonable); *Mentor v. Imperial Parking Sys., Inc.,* 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2012) (service awards of $40,000 and $15,000 found reasonable where named plaintiffs actively involved in prosecuting case during its five year pendency); *In re Janney Montgomery Scott LLC Fin. Consultant Litigation*, 2009 WL 2137224, at *12 (E.D. Pa. Jul. 16, 2009) (approving incentive payments of $20,000 each to three named Plaintiffs).

One of the key factors considered in determining the amount of a service award is the time and effort expended by the applicant and the value added by the applicant due to his or her factual expertise. *Roberts v. Texaco, Inc.*, 979 F.Supp. 185, 200 (S.D.N.Y. 1997). Here, the five named Plaintiffs were actively involved in this case since its inception. They were available and responsive to class counsel, answered questions via telephone, and participated in numerous, extensive settlement conferences including appearing in Court numerous times. Based on the service provided and the modest amount sought, Counsel respectfully requests that the Court approve payment of the requested one thousand dollars ($1,000.00) service awards to each of the five named Plaintiffs and class representatives as fair and reasonable.

**CONCLUSION**

For the foregoing reasons, Class Counsel respectfully requests approval of the following:

(1) Payment of three hundred thousand dollars ($300,000.00) directly by Defendants, separate from the settlement awards, for work in pursuit of the claims filed at the Equal Employment Opportunity Commission;

(2) Payment of attorneys' fees and costs for work done on behalf of the Settlement Class in this action in the amount of one million, four hundred eight thousand, nine hundred twenty one dollars ($1,408,921.00) and;

(3) Payment of service awards to each of the five named class representatives, as follows;

a) One thousand dollars ($1,000) made payable to Lourdes Acevedo

b) One thousand dollars ($1,000) made payable to Lynette Andrews

c) One thousand dollars ($1,000) made payable to Nathia Beltran

d) One thousand dollars ($1,000) made payable to Adrienne Reed

e) One thousand dollars ($1,000) made payable to Rose Reeves.

Dated: New York, New York
June 28, 2019

THE KURLAND GROUP
*Attorneys for Plaintiffs*

By:  ~//s//~
Erica T. Healey-Kagan
85 Broad Street, 28th Floor
New York, New York 10004
(212) 253-6911