

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/26/2019

November 25, 2019

**BY ECF**
The Honorable Stewart D. Aaron, U.S.D.J.
Southern District of New York
500 Pearl Street, Room 703
New York, New York 10007

    Re:    <u>Local 1180, et al. v. City of New York, et al. Docket No. 1:17-cv-3048</u>

Dear Your Honor:

    Parties write jointly to advise the Court that parties, contingent upon the Court's approval, agree to the following to resolve certain disputes outstanding with regards to performance of the settlement in the above referenced matter;

1. All Settlement Class Members who have submitted Releases on or before December 1, 2019 shall be paid Back Pay on or before December 23, 2019 pursuant to the Stipulation of Settlement including the formula provided therein and for such payment wherever possible to be made by direct deposit.
2. Appendix G shall be amended to reflect the Settlement Class Members listed in the City's proposed Revised Appendix G submitted as Exhibit A in Docket 171 on November 22, 2019.
3. **No later than 10:00am on November 27, 2019** the City shall transmit to Class Counsel and Claims Administrator the complete list of Settlement Class Members who have submitted their Releases and therefore will receive a Back Pay payment ("Appendix J"). The Claims Administrator and/or Class Counsel—**no later than 8:00 A.M. on December 2, 2019**—shall provide Releases to the City of any missing Settlement Class Members who provided Releases but are not included in Appendix J. The City shall include these missing Settlement Class Members in Appendix J for purposes of Back Pay Damages Calculation. Any Releases received after 8:00 A.M. will not be included in Appendix J, will not be considered in the Back Pay Damages Calculation and will not receive a Back Pay Award.
4. The finalized Appendix J listing those Settlement Class Members who will receive Back Pay shall be filed with the Court on or before December 3, 2019.
5. The deduction for legal fees from the Back Pay shall be itemized on Settlement Class Members' paystub as "attorneys' fees."
6. On or before December 16, 2019 the City shall provide to Class Counsel a final calculation of Back Pay amounts using the formula outlined in Appendix G and made

85 BROAD STREET
28TH FLOOR
NEW YORK, NY 10004

P: 212 253 6911
F: 212 614 2532
kagan@kurlandgroup.com
KURLANDGROUP.COM

New York | Washington, D.C.

part of the Stipulation of Settlement for all Settlement Class Members receiving Back Pay (those listed in Appendix J).
7. Defendants shall make final payment of legal fees by delivering a check payable to The Kurland Group in the amount of $1,200,000 to 85 Broad Street, 28th Floor, New York, NY 10004 on or before January 6, 2020.
8. Defendants shall cause the Office of Labor Relations to provide Local 1180 with the complete list of level placement and salary for all Administrative Managers NM on or before December 15, 2019.
9. Starting January 1, 2020 Administrative Managers NM shall be paid the new salary rate as well retroactive pay pursuant to the terms of the Stipulation of Settlement.

Parties respectfully ask that the above be so-ordered by the Court.

There remains a dispute which parties have been unable to resolve which is as follows;

Plaintiffs' Position

Defendants refuse to provide a payroll report as described Paragraph 11(i) of the Stipulation of Settlement which states in relevant part:

> "…the City of New York will be responsible for distributing City Back Pay (as defined in Paragraph 16 herein) and… remitting all applicable taxes, deductions, and withholdings. Defendants also will send to Plaintiffs' counsel a payroll report stating the amount to which each Eligible Plaintiff will be paid, including deductions."

The plain language of this provision which was negotiated by Defendants is that it will provide to Plaintiffs' counsel a payroll report which Defendants have represented includes the deductions and that this will be done for Eligible Plaintiffs regarding what the "will" be paid. Plaintiffs have expressly represented they would like this information transmitted to Class Counsel to avoid further errors and Defendants have agreed to do so. Defendants claim they do not want to do this for privacy reasons but Class Counsel is bound by the protective order of this proceeding and have an attorney-client relationship with Plaintiffs who are requesting this information be provided to their attorneys for their own protection and to avoid errors and other delays.

Defendants' Position

Defendants state that they never contemplated providing a payroll report prior to the issuance of checks because it simply not an available option. This was communicated to both plaintiffs' counsel and the Court in an email dated November 7, 2018 where defendants outlined the conditions under which they would continue settlement discussions with plaintiffs. In relevant part, defendants stated the following:

a. Copies of back pay checks to counsel – Counsel for plaintiffs has requested copies of each back pay check sent to class members. Duplicate copies of pay checks is not feasible for the City.

The City has offered, similar to our practice in other class action settlements, to provide a payroll report. Each agency, and not the Office of Payroll Administration ("OPA"), generates the report, which contains the following fields: Last Name, First Name, Employee Number, Pay Roll Distribution Code, Pay Date, Gross Pay, Deduction Amount, and Net Pay.

All deduction information comes from each employing agency—and not OPA—after the checks have been processed and payment is issued. There is simply no mechanism to provide this information prior to payment processing. That being said, Defendants have agreed that each agency will provide a payroll report that includes the fields listed above for each employed settlement class member after payment has been issued.

With respect to whether withholding information is produced in aggregated or itemized form for each employee, it is Defendants practice to provide this information in the aggregate. Other than listing a separate column for the amount of attorneys' fees deducted from each Back Pay check, Defendants object to providing itemized deductions on the grounds that (1) itemized deductions were never contemplated by Defendants, and during settlement negotiations, Defendants repeatedly notified Plaintiffs that Defendants would not agree to itemized deductions; (2) it is unnecessary for purposes of damages calculations; (3) this information is readily available to each employee on their paystub, and each employee is best suited to spot any deduction "errors"; and (4) most importantly, it is an unwarranted invasion of personal privacy by Plaintiffs' counsel, since itemized disclosure would reveal potentially embarrassing information such as garnishments imposed to repay delinquent court fines or judgments, child support and taxes. Short of a Court order, Defendants do not believe it is appropriate, nor necessary to disclose this information to Plaintiffs' counsel. The fact that each employee will have this information weighs against disclosure, since any class member can voluntarily share this "information . . . to their attorneys for their own protection and to avoid errors and other delays."

Parties ask the Court to resolve this issue and direct parties on how to proceed.

Sincerely,

_____s//_____
Yetta G. Kurland

_____s//_____
Donna A. Canfield

ENDORSEMENT: The Court hereby approves the parties' consensual resolution as set forth in items 1 through 9 of this letter. The Court resolves the dispute regarding Paragraph 11(i) of the Stipulation of Settlement, as follows:
The settlement class members have a right to financial privacy. *Cf. Barry v. City of New York*, 712 F.2d 1554, 1558 (2d Cir. 1983) (discussing right to privacy). Plaintiffs' counsel does not have the consent of all class members listed in Appendix G to have their financial information disclosed to Plaintiffs' counsel. Thus, the Court declines to adopt Plaintiffs' position. The Court finds that Defendants' position is consistent with the privacy rights of settlement class members, as well as the terms of the Stipulation of Settlement. By reason of the foregoing, pursuant to Paragraph 11(i) of the Stipulation of Settlement, Defendants shall send to Plaintiffs' counsel a payroll report containing the following fields: Last Name, First Name, Employee Number, Pay Roll Distribution Code, Pay Date, Gross Pay, Deduction Amount and Net Pay. Such report shall be provided for each settlement class member after payment has been issued. SO ORDERED.
Dated: 11/26/2019

3